MARTIN v. CLEMENTS. (No. 7759.)

(Court of Civil Appeals of Texas. Dallas. March 17, 1917.)

1. NEW TRIAL ⬉85 — GROUNDS—MISUNDERSTANDING WITH COUNSEL.

Where defendant on account of a misunderstanding with his attorney and on account of absence owing to father's fatal illness did not file answer and was regularly defaulted, a new trial was properly refused; no fraud or undue advantage by the opposite party being shown.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 170–172.]

2. NEW TRIAL ⬉140(1)—TRIAL OF ISSUE.

The allegations of a motion for new trial may be controverted and evidence heard as to their truth.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284, 285, 289.]

3. APPEAL AND ERROR ⬉933(5)—REVIEW—PRESUMPTION — OVERRULING MOTION FOR NEW TRIAL.

Where record does not show what evidence was introduced, if any, upon hearing of a mo-

tion for new trial, it will be presumed that court's discretion in overruling the motion was not abused.

4. JUDGMENT ⬉138(1)—DEFAULT—VACATION —GROUNDS.

Where a court of competent jurisdiction has pronounced judgment by default it will not be disturbed unless clearly shown that a party has been prevented by fraud, accident, or the opposite party's acts from making a valid defense, without his own fault or negligence, and it is not sufficient to merely show that injustice has been done.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251.]

5. NEW TRIAL ⬉ 128(1)—REQUISITES OF APPLICATION—RELIANCE ON ATTORNEY.

Motion for new trial alleging defendant's reliance on his attorney to file answer, which was not done, was defective for not showing facts as to how the employment was effective, since, if the attorney legally employed was negligent, his client must suffer the consequences, and, if there was no employment, the party was responsible for his own default.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 257.]

Appeal from District Court, Hill County; Norton B. Porter, Judge.

Suit by Mrs. R. L. Clements against J. T. Martin. Defendant appeals from judgment for plaintiff and from order denying motion for new trial. Affirmed.

J. E. Clarke, of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

RAINEY, C. J. Appellee sued appellant for the possession of a tract of land and caused a writ of sequestration to issue. The writ was executed February 5, 1916, and by the sheriff taken possession of, and on the same day citation was served on the appellant. On February 14, 1916, appellant executed a replevin bond and retained possession of the land. Appellant failed to answer, and on March 7, 1916, said cause was regularly called for trial, and judgment by default was regularly entered for the appellee.

[1] On April 13, 1916, appellant filed a motion for a new trial, alleging in substance that the time he was served with citation his father was very sick at Mineral Wells, and he immediately went to Hillsboro, 20 miles distant from his home, and consulted with an attorney and employed him to replevy said property, which was done; that on returning home he learned of the serious illness of his father, and he immediately went to Mineral Wells to visit him; that his father continued seriously ill, and he remained at his father's bedside most of the time until about one week ago, when he died; "that at the time he employed said attorney and said attorney prepared said replevin bond and during the time intervening up to the time of his father's death he believed that his attendance upon court was not required, and the illness of his father was such as to prevent such attendance; his belief, however, was that his attorney would look after the case and would

see that no disadvantage was suffered by him by reason of his absence and advise him when it was necessary that he should be present at court;" that at that time he advised said attorney of his defense, which was that as tenant he had a contract with plaintiff to occupy and cultivate said land for the year 1916, and he believed said defense would be presented by said attorney, and that he would be advised when it became necessary to produce his evidence in support of said defense; that in consequence of the serious and fatal illness of his father and the belief that his attorney would attend to said cause he was not present at the trial, and did not learn of same until within the last week when he communicated with his said attorney with reference to the case; he then immediately went to Hillsboro, saw his attorney, and "learned from him that there was a misunderstanding between him and his said attorney, and said attorney understood that his employment only extended to authority to prepare said replevy bond and file same, and that he was expecting to have this defendant see him again with reference to employing him to defend the suit"; that, relying upon his rental contract, he expected to occupy and cultivate said land and live thereon with his family; that he had incurred expense in preparing for cultivation and in planting part of same in crops. The motion was sworn to.

The appellee contested said motion for new trial and filed general exception to same, a general denial, and specially answered that the appellant was regularly served; that he had employed counsel; that the cause had been regularly reached and regularly tried; that no answer was filed by defendant; and that, in effect, said attorney lived in Hillsboro, knew of said cause, and failed to file an answer, etc. Said motion was regularly heard by the court and overruled.

[2, 3] We are of the opinion that there was no error in the trial court overruling the motion for a new trial. The record shows that the appellant was duly served in plenty time for him to consult an attorney and to have filed an answer, which was not done. Default was made, and a judgment was duly rendered against him. The motion for new trial was contested, and the same was heard and passed upon by the court, and it was overruled. The record does not show what evidence was introduced, if any. The allegations of the motion "are not * * * accepted as true, but may be controverted, and evidence heard as to their truth" (Tinsley v. Corbett, 27 Tex. Civ. App. 633, 66 S. W. 910), and the presumption will obtain that the court did not abuse its discretion in overruling the motion.

[4] There is no charge that the appellee or his attorney did anything which misled or caused appellant not to make his appearance at the trial. Stringer v. Robertson (Tex. Civ. App.) 140 S. W. 502; Johnson v. Templeton, 60 Tex. 238. In the case last cited the court said:

"Where the final judgment of a court of competent jurisdiction has been once solemnly pronounced, it ought not to be lightly disturbed. It is alike the interest of individual suitors and of the public at large that there should be at some period an end put to litigation. * * * It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. * * * Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part."

[5] The allegation that appellant relied upon an attorney to file an answer is defective and not showing any fact as to how the employment was effective. If the employment was made, and the attorney neglected to attend to the case, appellant must suffer the consequences of the attorney's negligence, and, if there was no employment, then he is responsible for his own default.

In any event the court has passed upon the matter, and in support of his judgment the case will be affirmed.

Affirmed.