**F. F. MARTINEZ, Appellant,**

v.

**ARKANSAS FUEL OIL CORPORATION,**
Appellee.

**No. 12759.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Brewer, Matthews, Nowlin & Macfarlane, Grady Barrett, San Antonio, for appellant.

Cox, Patterson & Smith, John J. Cox, San Antonio, for appellee.

NORVELL, Justice.

Appellant, F. F. Martinez, the lessor in an oil and gas lease, brought this suit against the lessee, Arkansas Fuel Oil Corporation, alleging that defendant in reworking an oil and gas well had negligently permitted waste oil and water to flow from said well onto the surrounding lands; that a registered Brahman bull belonging to plaintiff had drunk this oily substance and died as a result.

The trial court found that oil and oily water had been allowed to flow through a ditch and into an abandoned slush pit; that the depression caused by the pit had been covered over, but the ground thereabout was soggy and muddy from an accumulation of oil and water, and that the bull's death was caused by his drinking oily water or other substances which came from the well which was being reworked.

The court found that the evidence was insufficient to establish a custom among oil operators in the territory to fence off wells during reworking operations, and accordingly concluded that there was no obligation resting upon defendant to fence off the premises so as to prevent plaintiff's cattle from coming thereon. The court further found there was no negligence shown on the part of defendant which would render it liable to the plaintiff for the destruction of his bull.

Appellant contends that as the trial judge found the bull died as a result of drinking oil, oily water, or other substances, it was established as a matter of law that the appellee was negligent in allowing such substances to accumulate upon the premises. As an alternative contention, it is said that the trial court's finding that appellee was not negligent is against the overwhelming preponderance of the evidence.

The evidence shows that there was a shallow ditch upon the premises, approximately fifty feet in length and from six to ten inches in depth, and that there were indications, upon the surface of the ground in the vicinity of the ditch, that it had been used to convey oil and oily water to a depressed area at the end thereof. It appeared that the oil had been allowed to soak into the ground, leaving greasy, brownish looking spots on the surface. Appellant concedes that the lessee under an ordinary oil and gas lease is not required to fence the premises to prevent the lessor's livestock from gaining access thereto, but says that the unusual circumstance occasioned by the ditch and abandoned slush pit not being properly covered, constituted negligence as a matter of law for which the appellee should be held liable.

The most recent pronouncement of the Supreme Court upon the question of a lessee's liability for injuries to a lessor's livestock is contained in Warren Petroleum Corporation v. Martin, Tex., 271 S.W.2d 410. It is said that when the opinion in the cited case is considered in its entirety it does not support a rule which would re-

strict liability to those injuries to cattle which are intentionally, wilfully or wantonly inflicted. The question of liability for non-wilful injuries is not, however, the primary question presented here. The trial judge refused to find that the lessee was guilty of negligence. As a general rule the question of negligence is one for the trier of facts. It is so in this case. The fact that appellant's bull died as a result of drinking unwholesome oily substances discharged upon the ground as a result of appellee's reworking operations did not serve to establish negligence as a matter of law. Neither can it properly be said that the trial court's refusal to find negligence was against the overwhelming preponderance of the evidence. The opinion of the Supreme Court in Warren Petroleum Corporation v. Martin, Tex., 271 S.W.2d 410, above mentioned, and the authorities therein cited, control the issue and render further discussion unnecessary. Rule 452, Texas Rules of Civil Procedure.

The judgment appealed from is affirmed.