L. P. SHELBURNE, Appellant,

v.

CHRISTIE–HICKMAN DRILLING COM-
PANY, Appellee.

No. 6628.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 15, 1956.

Rehearing Denied Nov. 5, 1956.

Homer L. Moss, Borger, for appellant.

Underwood, Wilson, Sutton, Heare &
Boyce, Amarillo, for appellee.

PITTS, Chief Justice.

This is a venue action which arose as a result of a damage suit filed in Wheeler County, Texas, by appellant, L. P. Shelburne, against appellee, Christie-Hickman Drilling Company, a partnership composed of C. B. Christie and H. L. Graham, residents of Wichita County, Texas, and Charles L. Hickman, a resident of Gray County, Texas, seeking damages in the sum of $1,082.95 for the killing of certain cattle owned by appellant and allegedly killed in Wheeler County, Texas, as a result of appellees' negligence there committed. Appellees duly sought a change of venue either to Wichita County where the principal office of the partnership was located and two of the partners resided, or to Gray County where one of the partners resided. Appellant sought to hold venue in Wheeler County under the provisions of Sec. 9a of Art. 1995 of Vernon's Annotated Civil Statutes. The case was tried to the court without a jury as a result of which the plea of privilege was sustained and an appeal was perfected.

Appellant presents one point contending that he presented facts establishing

that his cattle were killed in Wheeler County as a result of appellees' negligence and thus met the requirements of the provisions of Sec. 9a of Art. 1995, V.A.C. S., sufficiently to hold venue in Wheeler County. Appellees owned and were operating under the provisions of an oil and gas lease executed by the fee simple owner in the year 1939 covering the land in question located in Wheeler County, Texas. Appellant was a subsequent surface tenant for grass on the same land under the terms of a lease executed by the fee simple owner for a term running from May 1, 1955, to May 1, 1960. However, appellant had a previous surface grass lease on the same land from the owner thereof for a period of five consecutive years which had expired on May 1, 1955, the same date his current lease began. At some time during the month of April, 1955, appellees began the drilling of an oil well and had necessarily dug and were using a "slush pit" in connection therewith. During the following month of May, 1955, the slush pit was filled with water containing portions of oil and salt water or concentrated brine. Appellant sought to establish that appellees negligently left the open slush pit unfenced and available to his cattle after they had completed a producing oil well and that some of his cattle drank from the contaminated water in the slush pit which was the proximate cause of their death.

In order to establish venue in Wheeler County under the statute relied upon, appellant had the burden of proving by a preponderance of competent evidence, (1) that an act or omission of negligence occurred in Wheeler County, Texas; (2) that such act or omission was that of appellees' or their servants, agents or employees; (3) that such act or omission was a proximate cause of the death of his cattle. Appellant failed to establish venue in Wheeler County to the satisfaction of the trial court. Every issue in the case must therefore be resolved in favor of the trial court's judgment if there be any grounds

to support such. Where specific acts of negligence have been alleged, as was done by appellant in the case at bar, proof only that the cattle in question were found dead at a distance of from 150 to 300 yards from the open slush pit and that a veterinarian diagnosed the cause of death due to drinking water contaminated with oil and salt is not sufficient to establish venue in Wheeler county by reason of appellees' alleged negligence such as proximately caused the death of appellant's cattle and his damages. The evidence reveals that appellees had a mineral lease on the land in question long before appellant procured his lease on the surface thereof; that appellant knew that appellees were operating on the land and necessarily used an open slush pit; that appellant had worked around oil fields and was acquainted with such operations; that he had known of cattle dying by reason of drinking refuse from open slush pits but that he had done nothing to prevent his cattle from drinking from appellees' slush pit. Appellant testified to such facts and further testified that he knew appellees needed the use of the slush pit while drilling and that he "imagined" they finished drilling the well about May 15 before he found his cattle dead on May 24 and that he assumed appellees had fenced around the slush pit after they finished drilling the well or had filled up the slush pit. Appellant's veterinarian, Edgar Byron Range, Jr., testified in part that in his judgment the cattle had been dead in excess of 72 hours when he first saw them on May 24, 1955.

The evidence reveals that appellees had the mineral lease on the land in question long before appellant procured his lease on the surface thereof. No evidence was offered showing or tending to show that appellees obligated themselves to place a guard or fence around their slush pit or were under any duty at any time to fence their well or slush pit to prevent appellant's cattle from entering upon the land near the well and drinking the contaminat-

ed water in the slush pit. In the recent case of Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410, the Supreme Court held that a mineral lessee, such as appellees herein, was under no duty to a subsequent surface lessee, such as appellant herein, to fence places on the leased premises that may be dangerous to animals to prevent the surface lessee's cattle from entering upon the land near the mineral lessee's operations and drinking contaminated water there found and therefore not liable for any damages done by reason thereof.

This Court applied the same rules of law, for which reason liability was denied, in the case of Trinity Production Co. v. Bennett, 258 S.W.2d 160. The same rules of law were applied to deny liability in the case of Martinez v. Arkansas Fuel Oil Corp., Tex.Civ.App., 274 S.W.2d 160. Since appellees were operating under the terms of their prior mineral lease and appellant had knowledge of appellees' operation when he subsequently renewed his surface lease for the grass and since appellees did not obligate themselves to place a guard or fence around their slush pit at any time to prevent appellant's cattle from drinking therefrom, appellees owed no duty to appellant to fence their slush pit and were not therefore guilty of negligence and were not liable to appellant for alleged damages under the record here presented and the authorities here cited. It has been held that under such circumstances, appellant himself was guilty of negligence because of his failure to do something about the matter. Baker v. Davis, Tex.Civ.App., 211 S.W.2d 246 and other authorities there cited.

For the reasons stated it is our opinion that the trial court properly sustained appellees' plea of privilege and was justified in ordering the case transferred to Gray County, Texas. In addition to previous cases cited, we also cite Pitzer & West v. Williamson, Tex.Civ.App., 159 S.W.2d 181; Sinclair Prairie Oil Co. v. Perry, Tex.Civ.App., 191 S.W.2d 484; Conner v. Chatman, Tex.Civ.App., 272 S.W.2d 136.

Judgment of the trial court is affirmed.