Horace GRICE, Jr., Appellant,

v.

D. J. (Buster) HENNESSY, Appellee.

No. 13497.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 16, 1959.

Rehearing Denied Oct. 7, 1959.

**630**

Arthur Mitchell, Will Cowan, Austin, for appellant.

House, Mercer & House, Roy C. Brock, San Antonio, for appellee.

BARROW, Justice.

Horace Grice, Jr., as plaintiff, instituted suit in the District Court of Cameron County, Texas, for the recovery of damages because of personal injuries alleged to have been proximately caused by the negligence of defendant, D. J. (Buster) Hennessy. After a trial, with the aid of a jury, judgment was entered upon the answers of the jury to the special issues submitted, that plaintiff take nothing by his suit. It is from this "take-nothing judgment" that plaintiff has prosecuted the appeal.

The pertinent facts are as follows: Appellant was injured by a pile driver hammer being lowered onto his hand. In an operation such as is here involved, the piling is driven into the ground one by one. First a pilot hole is dug in the ground some two feet or more in depth for the pole to stand in as driving is commenced. The poles are driven into the ground by dropping the pile driver hammer repeatedly on the top of the pole until it is driven into the ground. The operation requires some four to five men. The pole is placed in position by the use of a crane and cable and by men on the ground guiding the bottom end into the pilot hole with the pole standing in a somewhat upright position. The machine used is what is generally known as a dragline machine, containing a cab for the machinery, the operator, and such levers and brakes as are necessary for its operation. The pile driver hammer is attached to a cable which runs from a drum in the machine out through a pulley which is located at the end of a crane which extends several feet from the machine, and which may be rotated from side to side in order for the hammer to hang directly over the pole to be driven. After the pole is standing in the pilot hole there is an apparatus called "the leads" attached to a

cable which the operator lets down to the pole. It is then attached to the pole, apparently to hold it in a vertical position during the driving. It is necessary for one man to climb a ladder to make the attachment. There is a cap attached to the bottom of the hammer which is then let down slowly by the operator. The cap fits over the end of the pole to prevent damaging the pole during the driving, and after it is released from the hammer, the hammer is pulled up and the driving proceeds by dropping the hammer on the pole, pulling it up and dropping it again, until the pole is driven a sufficient depth. This hammer weighs approximately 2,500 pounds and the metal cap some three or four hundred pounds. The operation is controlled by a signalman who watches and signals to the operator, who is guided by the signals.

This particular job was the construction of a bridge by Wedegartner Construction Company. The men on the job, including appellant, were employees of this Company as laborers, under the supervision of the foreman, Mr. Fitch, who also acted as signalman. Appellee was employed by the Construction Company to furnish the piledriver, together with the operator, and was paid therefor by the hour. Appellee was the operator, and he was required to watch the signalman, who controlled the details of the entire operation, because from the cab the operator frequently could not see where the other men were or what they were doing.

At the time of and immediately prior to the accident, after having driven several piling, they were having difficulty putting a pile in place and fastening it to the leads. Both the foreman and appellant had climbed upon the ladder and were attempting to get the top of the pile into place and fastened, when the cap and hammer were let slowly down until they rested on appellant's left hand, which was then on top of the pile, thereby mashing and crushing the hand. Appellee testified that he lowered the hammer because the signalman gave the signal by nodding his head, whereas the signalman

testified that he gave no signal, and that he used only hand signals.

The jury found, that the injury was approximately caused by the negligence of appellant in placing his hand on top of the piling and in failing to use a rope to put the piling in place, and that appellant incurred the risk of being injured in placing his hand on top of the piling. The jury did not convict appellee of any act of negligence, and found that it was not the result of an unavoidable accident.

Appellant presents fourteen points of error. By his first point, appellant contends that the jury's finding in response to Special Issue No. 14 is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Special Issue No. 14 was one of the group covering the controlling issue of discovered peril. The jury found that the appellant was in a perilous position immediately prior to the injury, and that appellee discovered such position. Special Issue No. 14 then inquired if appellee realized that appellant would not in reasonable probability extricate himself from such perilous position in time to avoid injury. The jury answered in the negative. The negligence and proximate cause issues were not answered for the reason that they were conditionally submitted upon an affirmative answer to Special Issue No. 14.

In his brief, appellant has not called our attention to facts in the record which would indicate that the great weight and preponderance of the evidence required an affirmative answer to this issue, but argues that inasmuch as the jury answered the previous issue that appellee discovered appellant's perilous position, it necessarily follows that he should have realized that appellant would not in reasonable probability extricate himself in time to avoid injury. We have examined the record as a whole, both in support of and against the verdict and have reached the conclusion that the finding is not so against the great

weight and preponderance of the evidence as to be manifestly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The evidence is undisputed that appellee was in the cab of the pile driving machine, that his duty was to watch the signalman, and that he was doing so. That appellant was on the ladder near the top of the pile, with his back to appellee, and that appellee could not see appellant's hands. It is also undisputed that appellee let the cap and hammer down very slowly. It is evident that all appellant would have had to do to extricate himself from the danger was to remove his hand from the top of the pile. Thus the jury, in delving into the mental processes of appellee, were amply justified in finding that appellee did not realize that appellant would not in reasonable probability remove his hand, which appellee had the right to assume that he would do. Appellant's first point is overruled.

■ Appellant's Points Two and Four will be discussed jointly inasmuch as they make the same complaint. By Point Two he contends that the judgment should be reversed because the jury failed to answer Special Issues Nos. 15, 16, 16–A, and 17 affirmatively. These issues were conditionally submitted in connection with and as a part of the ultimate issue of discovered peril, upon an affirmative answer to Special Issue No. 14. Appellant made no objection to the conditional submission, therefore, the complaint is waived and presents no error. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

■ By Point Four appellant contends that the judgment should be reversed because the jury failed to answer Special Issues Nos. 3, 4, 5, 7, 8, 10 and 11. This point does not require consideration for the reason that it is multifarious. Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785; Sheffield v. Lewis, Tex.Civ.App., 287 S.W. 2d 531; Rule 418, Texas Rules of Civil Procedure. Nevertheless, we have con-

sidered the point and regard it as without merit, for the reason that these issues were all conditionally submitted without objection by appellant. Little Rock Furniture Mfg. Co. v. Dunn, supra.

■ By Point Three appellant seeks a reversal because, he says, the answers of the jury to Special Issues 2, 4, 6 and 9 are so against the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust. By Point Five appellant contends that the answers of the jury to Special Issues Nos. 18, 19, 20, 21, 22, 23 and 24 are so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust. We regard both of these points as multifarious, but have considered them.

■ We have carefully considered the entire statement of facts—both the evidence supporting the verdict and that contrary to the verdict. It would serve no useful purpose to unduly lengthen this opinion by a further discussion of the facts. We have weighed the facts, pro and con, and have reached the conclusion that the answers of the jury to the above mentioned issues are not so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellants Points Three and Five are overruled.

By Point Six, appellant contends that the judgment should be reversed because the answers of the jury in response to Special Issues Nos. 6 and 25 are in such conflict as to be fatal to the verdict.

Special Issue No. 6 inquired of the jury if appellee caused the follow block to be lowered without having first received a signal to do so from the signalman. The jury answered "No." Special Issue No. 7, the negligence issue, was not answered for the reason that it was conditionally submitted upon an affirmative answer to Issue No. 6. Special Issue No. 25 inquired if immediately prior to and at the time of the accident the signalman had given a signal

to appellee for him to lower the follow block. The jury answered "No."

 The Supreme Court in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991, has laid down the test to be applied in determining if such a conflict destroys the verdict:

"* * * the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered."

Applying this rule, it is obvious that considering the answer to Special Issue No. 6, together with all the other findings, and disregarding the answer to Special Issue No. 25, the judgment would be for appellee and not for appellant. It is equally clear that disregarding the answer to Special Issue No. 6, but considering the answer to No. 25, together with all the other findings, the judgment would likewise be for appellee and not for appellant. Therefore, such conflict in these two issues is not fatal. The point is overruled.

Appellant's Points Seven to Thirteen, inclusive, complain of alleged misconduct of the jury. No statement of facts containing the evidence heard on motion for new trial appears in the record, nor does the record show any request by appellant for the trial court's findings and conclusions of law thereon. The burden rests upon appellant to bring forward such statement of facts, otherwise we must presume that the trial court acted correctly. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Texas Emp. Ins. Ass'n v. Layton, Tex.Civ.App., 278 S.W.2d 453; Hoffman v. Korp & Murray Tool Co., Tex. Civ.App., 251 S.W. 823; Herrin v. Falcon, Tex.Civ.App., 198 S.W.2d 117; Murphy v. Moseley, Tex.Civ.App., 11 S.W.2d 234; Martin v. Clements, Tex.Civ.App., 193 S.W. 437. Appellant's Points Seven through Thirteen are overruled.

Appellant's Point Fourteen presents no error and is overruled.

The judgment is affirmed.