**PERRY CONSTRUCTION COMPANY,**
Appellant,

v.

**Ardessa WATKINS, a Widow, et al.,**
Appellees.

No. 4101.

Court of Civil Appeals of Texas.

Waco.

April 25, 1963.

Vinson, Elkins, Weems & Searls, Don Hargrove Smith, Houston, for appellant.

Hay, Kirk, Van Keuren & Baggett, Russell T. Van Keuren, Houston, for appellees.

McDONALD, Chief Justice.

This is a venue case. Plaintiffs are the widow and minor son of Clarence Watkins, deceased, and brought suit in Wharton County against defendant construction Company for damages for Clarence Watkins' death. Plaintiffs alleged, among other things, that defendant contracted with the State of Texas to do certain construction work on F M Road 442 in Wharton County. Such contract provided:

"During the progress of the work the Contractor shall provide for local traffic to private property within the closed portions of the highway. * * *

"The Contractor shall at all times provide for egress and ingress to private property where existing facilities cannot be used due to construction operations * * *.

"The safety of the public and the convenience of traffic shall be regarded of *prime importance*, during construction. * * * public safety and convenience and provisions therefor, made necessary by the work, shall be the direct responsibility of the Contractor, and shall be performed at his entire expense."

Plaintiffs further alleged that the deceased lived on the road under repair and utilized the land on both sides of such road

for his farming operation; that there were ditches on each side of the road with culverts over same to permit passage; that defendants tore down such passage ways without providing deceased and other parties with a way of ingress and egress; that on 24 March, 1961, one of deceased's cows bogged down in the field across the road and deceased got on his tractor and crossed the road and was trying to cross the ditch to get to the cow, when the tractor turned over upon him, crushing and killing him.

Plaintiffs alleged that defendant breached its contract to provide a safe way of ingress and egress to adjacent private property; and further that defendant failed to give deceased any warning of the dangers involved in attempting to cross the ditch with any type of farm equipment such as a tractor; that because of such breach of contract, and further because of defendant's failure to exercise ordinary care, a condition was caused to exist along the road which was dangerous to parties living along the road, which could have been reasonably foreseen by defendant; and which was dangerous and constituted negligence proximately causing deceased's death and plaintiffs' damages.

Plaintiffs sought recovery of damages for deceased, and for themselves, occasioned by defendant's negligence.

Defendant filed its plea of privilege to be sued in Bexar County, the county of its residence. Plaintiffs controverted such plea, asserting venue in Wharton County under subdivisions 9, 9a, 4 and 5 of Article 1995, Vernon's Ann.Tex.St.

Trial was before the Court without a jury, which after hearing, overruled defendant's plea of privilege. Defendant appeals, contending the Trial Court erred in overruling its plea of privilege because:

1) Plaintiffs failed to prove a cause of actionable negligence on the part of defendant in Wharton County, because the evidence shows as a matter of law defendant breached no duty to deceased, and the deceased voluntarily encountered the risks of the occurrence made the basis of suit.

2) Plaintiffs failed to prove deceased was a 3rd party beneficiary under the contract between the State and defendant.

3) The evidence failed to show that any exception to exclusive venue in the county of defendant's residence exists.

The proof showed that defendant contracted with the State to repair the road in front of deceased's home; that such contract was performable in Wharton County; and required defendant to provide for local traffic to private property along portions of the highway under construction. It is undisputed that defendant breached the contract and did not provide a way over the ditches along the road onto property upon which deceased conducted farming operations; nor did defendant warn deceased, or erect warning signs, apprising of the danger of crossing the ditches at the side of the road. It is undisputed that deceased attempted to cross the ditch on his tractor; and that the tractor turned over and killed deceased. The record reflects that by putting some dirt in the ditch during the time the bridges were out, would have made them safely negotiable with a tractor, and that it was common practice for contractors to provide such dirt for ingress and egress over ditches in this situation; and that such could have been done in less than 30 minutes' time.

We think the record amply reflects that the defendant had the duty to provide deceased with egress and ingress facilities over the ditch, as well as to provide warning signs, warning of the condition as it existed and the dangers involved; that defendant breached these duties; and that such breaches were proximate causes of deceased's death and plaintiffs' injuries. Venue is maintainable in Wharton County by virtue of subdivision 9a, and perhaps other sections relied on by plaintiffs.

Defendant contends that since deceased could see the ditch, and since the ditch was open and obvious, that plaintiffs are precluded from recovery as a matter of law, by the doctrine announced in McKee v. Patterson, S.Ct., 153 Tex. 517, 271 S.W. 2d 391. Such case and doctrine is applicable to an *"invitee"* only, and has no application to the factual situation of the case at bar. Defendant's contentions therefore go to possible contributory negligence on the part of deceased (which is a fact question in trial on the merits), and are inapplicable in the determination of venue.

Defendant's contentions are overruled and the judgment of the Trial Court is Affirmed.