**Roland HELDT d/b/a Heldt Bros. Trucks (Heldt Bros. Tractor Corp.), Appellant,**

v.

**Alice McCREARY et al., Appellees.**

No. 178.

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 13, 1966.

Rehearing Denied Feb. 3, 1966.

Lloyd, Lloyd, Dean & Ellzey by E. G. Lloyd, Jr., Alice, for appellant.

Hubert L. Stone, Jr., Corpus Christi, for appellees.

GREEN, Chief Justice.

This is a venue case. Mrs. Alice Mc-Creary as widow of James R. McCreary filed suit individually for herself and for the benefit of all parties entitled to recover for damages due to the death of her husband, alleged to have been proximately caused by the negligence of defendant, its agents, servants and employees, acting

within the scope of their employment. To sustain venue in the district court of Live Oak County plaintiff relied on Sec. 9a, Art. 1995, Vernon's Ann.Tex.Civ.St., fixing venue of a suit based on negligence in the county where the negligence occurred. At the close of the evidence, the trial court entered judgment overruling defendant's plea of privilege. At the request of defendant, findings of fact and conclusions of law were filed. Statement of facts as well as the transcript is on file in this court.

Evidence which is not in dispute shows that on July 29, 1964, James R. McCreary was the driller-employee of Stewart & Gouger Drilling Company, on rig No. 3 at its location in Live Oak County. He had been driller on this rig for over a year, and had worked in oil fields for over thirty-five years, and was thoroughly familiar with the rig and derrick, and what needed to be done when the rig was being dismantled for moving. Defendant had contracted to remove this rig to another location in the county, and on the morning of July 29, 1964, was in the process of dismantling the rig preparatory to moving it. The rig crew, employees of Stewart & Gouger, were working under the direction of Ed Meadows, drilling superintendent of Stewart & Gouger, with McCreary as second in charge, and the defendant's employees worked under the direction of Otto Sens, defendant's truck pusher. The derrick had been lowered, and was in a horizontal position on a pipe rack, while employees of Stewart & Gouger and of defendant were working on and about it. One portion of the derrick necessary to be removed was the A-frame center piece, a large metal brace or beam weighing about 700–800 pounds, that fits between two of the derrick legs. Its purpose is to strengthen the derrick, and to serve as a spreader to hold the legs apart. It has on it a wheel or pulley, over which the drill line is run to raise or lower the derrick. This center piece was attached to the A-frame of the derrick by four large bolts.

About thirty minutes prior to the accident which caused McCreary's death, employees of defendant had removed three of these bolts, and had taken the nut off the fourth bolt, leaving the bolt in place.

Just before the accident, McCreary, who had been in the vicinity of the derrick while the work was going on, took hold of a piece of the derrick called a spacer bar, which was dragging, and backed up toward the center piece. As he got under the center piece pulling the spacer bar, the center piece fell on him, causing his death. The accident occurred in Live Oak County, Texas.

In addition to the above facts which are not in dispute, the court found that according to oil field custom, the right and duty of removing the bolts and nuts securing the A-frame center piece to the derrick was reserved to the drilling crew, and not to the rig moving crew of defendants, and that McCreary did not know at any time prior to his death that defendant's employees had removed any of said bolts and nuts; that the usual, customary practice in oil fields is that prior to the removal of the bolts and nuts securing the center piece to the A-frame of the derrick, a winch line from a winch truck is fastened to the center piece, and that after the removal of the nuts and bolts, the center piece is lifted out of place by the winch line and lowered to the ground; that from the time the bolts and nuts were removed to the time of the death of McCreary, there was no winch line attached to the center piece; that the falling of the A-frame center piece was proximately caused by the removal of the bolts and nuts securing it to the A-frame of the derrick without a winch line being attached thereto; that a reasonable driller under the circumstances and with the knowledge that he had would not have foreseen that the center piece would fall on the occasion in question; and that a reasonable hauling contractor in defendant's position under the circumstances would have foreseen that the center piece would fall on

the occasion in question; and that at all times in question, defendant's employees were acting within the scope of their employment.

The court concluded that the removal of the nuts and bolts by defendant's employees was negligence; that the failure of defendant's employees to attach a winch line to the center piece before the nuts and bolts were removed was negligence; that the failure of defendant to warn McCreary that the nuts and bolts had been removed was negligence; and that each of such acts and omissions was a proximate cause of the death of McCreary.

To these findings and conclusions the defendant excepted.

Appellant bases his appeal on four points of error, as follows:

### "First Point

The trial Court erred in overruling Defendant's Plea of Privilege because the evidence established beyond question that James R. McCreary could have avoided the center piece falling on him by pulling on the spacer bar towards the trucks—that being in the opposite direction from where the center piece fell.

### Second Point

The trial Court erred in overruling Defendant's Plea of Privilege because the evidence established beyond question that James R. McCreary pulled the spacer bar attached to the grasshopper leg under the center piece *knowing* (1) a winch line was not attached to the center piece of the derrick, (2) the winch lines of both trucks were attached to the remaining grasshopper leg of the derrick, (3) the bolts were out of the center piece, and (4) the center piece would fall if the derrick legs to which it was attached were separated by the least movement.

### Third Point

The trial Court erred in overruling Defendant's Plea of Privilege because the evidence established beyond question that the death of James R. McCreary resulted from a dangerous condition which was open, obvious and known to him.

### Fourth Point

The Findings of Fact, numbered 10 through 27, made by the trial Court are not supported by and are contrary to the evidence offered on the trial of this case."

Defendant's contentions under its first point are directed at possible contributory negligence on the part of deceased, which may become a fact issue in the trial on the merits, but are inapplicable in the determination of venue. Perry Construction Company v. Watkins, Tex. Civ.App., 367 S.W.2d 913; Petrey v. Williams, Tex.Civ.App., 312 S.W.2d 383; Allen M. Campbell General Contractors, Inc. v. McDonald, Tex.Civ.App., 347 S.W.2d 781. The same may be true as to the second point, but in so far as the contentions in this point are related to those in the third point, they shall be considered by us. The fourth point is clearly multifarious, attacking as it does on a no evidence point eighteen different fact findings of the trial court. Sheffield v. Lewis, Tex.Civ. App., 287 S.W.2d 531; Grice v. Hennessy, Tex.Civ.App., 327 S.W.2d 629; Tatton v. Aransas County, Tex.Civ.App., 359 S.W.2d 200. However, we have carefully checked the court's findings upon which the judgment is based with the statement of facts, and hold that such findings are supported by evidence.

Defendant's assertion of error in the court's overruling of its plea of privilege is based on the contention that the evidence establishes that McCreary's death

resulted from a dangerous condition which was open, obvious and known to him, and that defendant owed no duty to him which was violated by defendant, citing among other authorities, Panhandle Steel Buildings Inc. v. Benson, Tex.Civ.App., 385 S. W.2d 740, and Robert E. McKee, General Contractor, Inc. v. Patterson, Tex.Sup.Ct., 271 S.W.2d 391. In both of these cases, the holding of the court was that since the injured party had full knowledge and appreciation of the dangerous condition which became responsible for his injuries, the defendant owed him no duty under the circumstances there existing, and if there was no duty, the defendant obviously breached no duty.

■ Defendant's position is that the evidence establishes that deceased knew, prior to his backing under the derrick, that the bolts had been removed from the center piece, thus creating a dangerous situation open and obvious to him. This contention is in direct conflict with the trial court's findings. No point of factual insufficiency of the evidence, i. e., that the findings are contrary to the greater weight and preponderance of the evidence, is presented by defendant. Hence, in determining whether the trial court's findings are supported by any evidence of probative value we need give credence only to the evidence favorable to the findings, and will disregard all evidence to the contrary. Brown v. Frontier Theatres, Inc., Tex.Sup.Ct., 369 S.W.2d 299.

Of course McCreary is dead, and no one can say definitely what he knew or did not know about the removal of the bolts. The witness Harris, an eye witness to the accident, had been working on and in the immediate vicinity of the rig for over an hour before the accident, a large part of the time along side of deceased, and had the same opportunity to see what defendant's employees were doing on the derrick. He testified that he did not know that the bolts had been removed. Ed Meadows, the drilling superintendent for Gouger & Stewart, was also with deceased at the time the bolts were removed, and had the same opportunity to observe the defendant's crew at work on the derrick, and he testified that at the time of the accident he had no knowledge of their removal. Both Harris and Meadows testified that the taking of the bolts from the A-frame center piece was a job ordinarily reserved for the drilling crew, and Meadows said that deceased would have been surprised to learn that defendant's crew had removed them. There was evidence to sustain the court's finding that no winch line was attached by defendant's crew to the center piece before or after the bolts had been removed, notwithstanding the oil field general custom that this should be done. The absence of the winch line would, according to this evidence, indicate to deceased that the center piece was still bolted to the derrick. Though opinion testimony of certain of defendant's employees that deceased did know of the bolts being removed was admitted in evidence over plaintiff's objection, such opinions had no probative value.

■ All of the pertinent evidence is to the effect that it was the removal of the bolts that attached the A-frame center piece to the derrick that caused the dangerous situation. There was positive testimony that the movement of the spacer bar by deceased did not cause the center piece to fall. Such evidence supports the trial court's finding that the heavy piece of iron would not have fallen and killed deceased had the bolts not been removed. According to the evidence it would not have fallen if a sufficent winch line had been attached to it. There was evidence, necessarily circumstantial on this feature, to support the finding that deceased did not know that the bolts supporting the center piece had been removed. The circumstances do not show as a matter of law that facts existed at the time of the accident charging him with such knowledge.

Under the doctrine of volenti non fit injuria, or voluntary exposure to a known risk, a person can not recover for injuries from dangers that he voluntarily encounters with full knowledge of the existence, and appreciation of the extent, of the danger involved. 40 Tex.Jur.2d Negligence, § 93 p. 597; Robert E. McKee General Contractors Inc. v. Patterson, supra. But it is not sufficient in order to invoke volenti, to show merely that a party should have known of the dangerous condition; it is necessary that the evidence establishes that the injured party had such knowledge of the danger that he was able to exercise an intelligent choice with full knowledge of the nature and extent of the danger involved, or it must be shown that he is in possession of facts from which he would be legally charged with appreciation of the danger. Halepeska v. Callihan Interests, Inc., Tex.Sup.Ct., 371 S.W.2d 368; Bolin v. Tenneco Oil Co., Tex.Civ.App., 373 S.W.2d 350, writ ref. n. r. e. Under the fact findings of the trial court, and the evidence supporting such findings it was not established as a matter of law that deceased had, or should be charged with such knowledge and appreciation. H. E. Butt Grocery Company v. Bradfield, Tex.Civ.App., 396 S.W.2d 254.

The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than that of defendant's residence under Sec. 9a, Art. 1995, are (1) that an act or omission of negligence occurred in the county where suit was filed (2) which act or omission was that of the defendant, or his servant, agent or representative acting within the scope of his employment, and (3) that such negligence was a proximate cause of plaintiff's injuries.

The evidence supports the trial court's findings and conclusions that such requirements were met.

The trial court did not err in overruling defendant's plea of privilege.

Judgment affirmed.