**MOBIL OIL COMPANY et al., Appellants,**

v.

**Albert A. DODD, Sr., Appellee.**

**No. 906.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 31, 1974.

**352**

Maurice Amidei, Dallas, for appellants.

Michael W. Perrin, Houston, for appellee.

## OPINION

BISSETT, Justice.

This is a venue case. Albert A. Dodd, Sr., a resident of Matagorda County, Texas, brought suit in the District Court of Matagorda County, Texas, against Mobil Oil Corporation and Rufus Haddon Hamilton, both non-residents of Matagorda County, to recover damages for personal injuries sustained by him in an automobile-truck collision. Mobil filed a plea of privilege to be sued in Dallas County, Texas, where it allegedly had its domicile and principal place of business in Texas. Mr. Hamilton died after suit was filed, and Lula Baldwin Hamilton, his widow and the personal representative of his estate, filed a plea of privilege to be sued in San Patricio County, Texas, where she resided. Plaintiff controverted both pleas, and sought to maintain venue in Matagorda County under the provisions of Subdivisions 9a, 27 and 29a, Article 1995, Vernon's Ann.Civ.St.

Following a non-jury hearing, both pleas of privilege were overruled. Mobil and Mrs. Hamilton have appealed. The parties will be referred to as plaintiff and defendants, as they were in the trial court.

Plaintiff, in his original petition, which was referred to and adopted in support of and as part of his controverting affidavit, alleged that Mobil "is a corporation, duly incorporated under the laws of the State of Texas". He further alleged that the injuries which he suffered as a result of the accident were caused by the negligence of Mr. Hamilton, the agent, servant and employee of Mobil, who was acting in the course and scope of his employment, in that he failed to yield the right of way at the time and place in question, which was negligence and a proximate cause of the collision and the resulting injuries.

■ Venue cannot be maintained in Matagorda County under the provision of Subdivison 27.[1] Plaintiff did not plead that Mobil was a foreign corporation; instead he plead that it was a Texas corporation. Therefore, plaintiff is bound by his own pleading to the effect that Mobil is a domestic corporation. Safety Casualty

---

1. "27. Foreign corporations.—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

Company v. Wright, 138 Tex. 492, 160 S. W.2d 238, 245 (1942). Moreover, there is no evidence that Mobil had an agent in Matagorda County, either at the time suit was filed or at the time of the hearing on the plea of privilege. Subdivision 27 does not apply. Defendants' points 4 and 5 are sustained.

It is undisputed that the collision in question occurred in Bay City, Matagorda County, Texas, in the intersection of Avenue C and Seventh Avenue, and that the intersection was controlled by a traffic signal light. It is further undisputed that plaintiff was driving his automobile along Avenue C and Mr. Hamilton was driving a truck along Seventh Avenue, when the two vehicles collided. It was conclusively established that plaintiff sustained bodily injuries as a result of the collision. It was stipulated that the truck was owned by Mobil, and that Mr. Hamilton was an employee of Mobil who was acting within the course and scope of his employment at the time of the accident.

The defendants, in point 1, contend that plaintiff's alleged cause of action for negligence under Subdivision 9a, was negatived when he introduced into evidence portions of the deposition of George F. Campbell, which "clearly and unequivocally stated that the Mobil Oil Corporation truck had a green light at the time it entered the intersection immediately prior to the collision in question," and that such testimony, being offered without qualification and not having been retracted, constituted a judicial admission which bound plaintiff as a matter of law, and prevented any finding of fact to the contrary by the trial court.

Plaintiff introduced portions of the deposition of George F. Campbell, an employee of Mobil, who had been in Mobil's employ for 23 years, and who was riding as a passenger in the truck at the time and place of the accident. The witness testified that as the truck in which he was riding approached the intersection, the signal light (for traffic on Seventh Avenue) was green, that it was green when the truck entered the intersection, and that it changed to yellow after the truck had entered the intersection.

A judicial admission consists of a formal statement, either by a party or his attorney, in the course of a judicial proceeding which removes an admitted fact from the field of controversy. United States Fidelity & Guaranty Co. v. Carr, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). In effect, it is a substitute for evidence which takes the matter out of the domain of proof. It cannot be contradicted by the introduction of evidence contrary thereto. Griffin v. Superior Insurance Company, 161 Tex. 195, 338 S.W.2d 415 (1960); McCormack & Ray, Texas Law of Evidence, Vol. 2, § 1127; 39 Tex.Law Rev. 516. "A 'judicial admission' is a waiver of proof". Mahoney v. Mahoney, 103 S.W.2d 459 (Tex. Civ.App.—Amarillo 1937, writ ref'd). The doctrine should be applied with caution. United States Fidelity & Guaranty Co. v. Carr, supra.

In the instant case, Mr. Campbell was neither a party to the suit nor an attorney for a party thereto. He was a witness. Even though his testimony was clear and unequivocal, deliberately offered, and related to a fact upon which a judgment in favor of defendants could have been based, it did not constitute a judicial admission. Campbell was not asserting a defense to plaintiff's case. His testimony is given only the force of an admission against interest. The most that can be said of his testimony is that it is highly favorable to defendants and is inconsistent with other facts adduced by plaintiff. But, it did not conclusively negate the other evidence introduced by plaintiff, did not bind plaintiff as a matter of law, and did not preclude plaintiff from introducing evidence contrary thereto. Defendants' point 1 is overruled.

Defendants, in points 2 and 3, contend that plaintiff failed to meet his burden of

**354**

proof under Subdivision 9a. They argue that there is no proof that the truck driver failed to yield the right of way to plaintiff, or that such failure was a proximate cause of the collision.

■ Findings of fact were neither requested nor filed. We must presume, therefore, that the trial court resolved every fact issue raised by the evidence in plaintiff's favor, and must view the evidence in the light most favorable to the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

■ In view of the undisputed evidence and the stipulations, already noted, the remaining venue facts under Subdivision 9a which plaintiff was required to prove in order to maintain venue in Matagorda County under that subdivision were: 1) that Mr. Hamilton was guilty of an act or omission of negligence which occurred in Matagorda County, and 2) that such act or omission was a proximate cause of the collision. Heldt v. McCreary, 399 S.W.2d 181, 186 (Tex.Civ.App.—Corpus Christi 1966, no writ); Calhoun v. Padgett, 409 S.W.2d 890 (Tex.Civ.App.—Tyler 1966, no writ); Shelburne v. Christie-Hickman Drilling Company, 295 S.W.2d 476 (Tex. Civ.App.—Amarillo 1956, no writ).

Plaintiff, by deposition, testified that the traffic signal light, in regulating the traffic at the intersection involved, turned from red to green to yellow to red, in that sequence. He further testified that as he approached the intersection, the light facing him as he proceeded along Avenue C was red, and that it remained red until after he reached the intersection. He stated that he stopped at the intersection, looked to his right and left, and saw Mobil's truck when it was about a block away. He said that he entered the intersection when the light turned green, and was hit by the truck in the intersection while he had the green light. He further testified that the truck was about a couple of car lengths away from his car when he realized that there was going to be a collision, that the passage of time from that moment until actual impact was "a snap of the finger period of time", and that as far as he knew, "Mr. Hamilton run the red light".

Defendants did not offer any evidence. Plaintiff first offered portions of his own deposition, and then offered portions of Campbell's deposition. A fact issue was presented for determination by the trial judge. The weight of the testimony of both Campbell and plaintiff was for the trier of fact.

After due consideration of the facts about which there is no disagreement, and after viewing the other evidence in the light most favorable to the trial court's judgment, we hold that there is ample evidence to support the implied findings that the failure of Mr. Hamilton to yield the right of way to plaintiff at the time and place of the collision was negligence, and that such negligence was a proximate cause of the accident. Plaintiff met his burden of proof. Venue is maintainable as to both defendants under Subdivision 9a of the venue statute. The pleas of privilege were properly overruled. Defendants' points 2 and 3 are overruled.

The judgment of the trial court is affirmed.