John Amos CONLEY, M. D., Appellant,

v.

BROWNSVILLE MEDICAL
CENTER, Appellee.

No. 1309.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 29, 1978.

Rehearing Denied Sept. 14, 1978.

Thomas G. Sharpe, Brownsville, for appellant.

584

John William Black, Royston, Rayzor, Vickery, & Williams, Brownsville, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal by Dr. John Amos Conley from the dismissal of a temporary injunction.

Dr. Conley was a physician on the staff of the Brownsville Medical Center. He was summarily suspended by the executive committee of the medical staff of the hospital because of his conduct as a physician. Dr. Conley filed suit against the medical center contending that the termination of his rights to practice medicine in Brownsville would be materially damaged by the suspension; that the same was improper because he was not afforded an opportunity to present his defense to the charges leveled against him; and that irreparable harm and damages would be caused unless the medical center was enjoined. The doctor prayed that fundamental fairness requires that the court issue a temporary restraining order, and that a hearing be had enjoining the medical center from suspending him from practicing medicine at its hospital until specific charges were made in writing, and until his cause had a full hearing before the committee on the merits.

A temporary restraining order was then issued and a hearing was set for September 9, 1977, to show cause why a temporary injunction should not be granted. The September 9, 1977 hearing and the temporary restraining order were continued until September 19, 1977.

Beginning on September 19, 1977, an extensive hearing was held which resulted in the trial court granting a temporary injunction in the following particulars on September 21, 1977:

"A.) John Amos Conley's priveleges (sic) to practice medicine in Brownsville Medical Center are restored while this order is in force and effect.

B.) Brownsville Medical Center shall give John Amos Conley written no-

tice of a hearing to be held before the Ad hoc Committee, and written notice of charges against John Amos Conley in plain and concise language, setting forth the acts or omissions with which John Amos Conley is charged, a list of specific or representative charts being questioned and/or other reasons or subject matter relevant to suspending or terminating his priveleges (sic) to practice medicine in Brownsville Medical Center.

C.) The meeting of the Ad hoc Committee shall be held a a time to give John Amos Conley adequate time to prepare to meet the charges levied against him, and a permanent record shall be made of said Ad hoc Committee meeting.

D.) This Order shall remain in force and effect until Brownsville Medical Center presents its show cause motion to dismiss the Injunction based on its compliance with this Order."

Shortly thereafter on September 26, 1977, the medical center filed a motion to dissolve the temporary injunction stating that Dr. Conley had subsequently mistreated an expectant mother in such a way that it resulted in the emergency delivery by caesarean section of a brain-damaged infant. The motion to dissolve stated that Dr. Conley's treatment of the patient was far below the accepted medical standards of the Brownsville Medical Center and of the Brownsville community so as to create an emergency which justified dissolution of the temporary injunction.

On October 3, 1977, the trial court heard the motion to dissolve the temporary injunction and denied the same. However, at the same time, the court entered a temporary restraining order against Dr. Conley enjoining him from admitting or treating patients at the Brownsville Medical Center until the matter could be heard on October 5, 1977. In the meantime, on October 4, 1977, Dr. Conley had the meeting with the Ad Hoc Committee of physicians at the Brownsville Medical Center at which time

the charges leveled against Dr. Conley were presented. The committee's ultimate decision was to permanently suspend Dr. Conley's medical privileges at the Brownsville Medical Center. As a result of this hearing, the Brownsville Medical Center then filed a subsequent motion to dissolve the temporary injunction contending that the committee had affirmed the executive committee's decision to permanently suspend Dr. Conley's privileges and prayed that the temporary injunction against the medical center be now dissolved or in the alternative, that a temporary injunction be entered restraining and enjoining Dr. Conley from admitting patients or treating patients at the medical center.

On October 5, 1977, the trial judge heard the Brownsville Medical Center's motion to dissolve and after considering the motion and after hearing arguments of the attorneys, dissolved the temporary injunction issued on September 21, 1977. The doctor appeals from this dismissal contending in a single point of error that: "The trial court erred in dissolving the temporary injunction of September 21, 1977 because there was no evidence offered to support the dissolution order and the motion filed did not constitute compliance with the court order of September 21, 1977."

Although we do not, as a general rule, make extensive quotes from the record of a trial court, we believe that this is the exceptional case because the record itself absolutely refutes the appellant's contentions and it shows dramatically how a careful trial judge protects his trial record. The trial judge began the hearing as follows:

"I think, gentlemen, that we have conferred in Chambers and I think I understand the present situation, but let me state it in the record and make certain that the record correctly reflects it *and you gentlemen correct me if I am wrong.*" (Emphasis supplied).

The judge then proceeded to enumerate in a chronological order what had taken place concerning the various orders issued and the dates on which the orders had been issued and the hearings had been held. The trial judge then said:

"It is my understanding that, without waiving any rights of appeal, the Plaintiff Conley does agree that the hearing has been held and, subject to the temporary injunction, the ad hoc committee has voted to remove the privileges from Dr. Conley and that we are now here this morning with the Brownsville Medical Center contending that the injunction of Judge Lewis of September 21 should now be dissolved because the Brownsville Medical Center has specifically complied with D of that order; that is, that the order would remain in force and effect until Brownsville Medical Center presents a show cause motion to dismiss it because it has complied with the hearing ordered in B and C and that the agreement of Dr. Conley is without prejudice *to any appeal rights he may have within the Brownsville Medical Center's corporate structure to the governing board or any intermediate board or committee.* (Emphasis supplied).

Is this essentially correct, gentlemen?

MR. BLACK [attorney for the medical center]: Yes, sir.

MR. SHARPE [attorney for Dr. Conley]: Yes, it is, Your Honor.

THE COURT: Then at this point this morning you are both saying, since Judge Lewis' injunction of September 21, there has been a meeting had and the hearing given that Judge Lewis ordered to comply with the bylaws of the Center, which meeting was had yesterday, and that the ad hoc committee has denied Dr. Conley permanently the privileges of the hospital, of course each time subject to the fact that they are not going to act in violation of Judge Lewis' order until it is dissolved.

MR. BLACK [attorney for the medical center]: Yes, sir. Of course, our position is now the time is ripe to dissolve the order.

THE COURT: As I understand it, there is no serious contention from Dr. Conley that it is not the time to dissolve the order?

MR. SHARPE [attorney for Dr. Conley]: In view of the procedure set forth in Judge Lewis' order, the procedure which has been followed substantively is in compliance with that order.

\* \* \* \* \* \*

THE COURT: *Neither side cares to offer any evidence; you are both satisfied the record correctly reflects the situation?"* (Emphasis supplied).

Neither attorney answered the court's question.

"MR. BLACK [attorney for the medical center]: I have a proposed order.

THE COURT: The Court does find, based upon the record that is before us, that the Brownsville Medical Center *has complied with the requirements of Judge Lewis' order of September 21 and has given a hearing before the ad hoc committee to John Amos Conley and has afforded the process required by Judge Lewis' order and that it has now suspended the privileges of John Amos Conley from admitting or treating patients at the Brownsville Medical Center.* (Emphasis supplied).

Accordingly, the temporary injunction of September 21, 1977, will be and is hereby, in all things, dissolved and an order will be entered to that effect.

Any objection to the form of the order submitted by Mr. Black?

MR. SHARPE [attorney for Dr. Conley]: Not to the form of the order.

THE COURT: Then the form of order as submitted will be approved.

Now, then, gentlemen, this hearing was not set on Mr. Black's motion but was set upon the fact that a TRO was expiring at 10:00 o'clock and we were to have a hearing on making the TRO a temporary injunction. Does the petitioner on that temporary injunction desire to go forward?

MR. BLACK [attorney for Brownsville Medical Center]: No, sir, I believe the Court's action makes that moot.

THE COURT: So agreed?

MR. SHARPE [attorney for Dr. Conley]: Yes, Your Honor.

THE COURT: There will be no hearing on making the temporary restraining order into a temporary injunction and it will be allowed to die of its own volition."

The court then adjourned.

 There are three reasons this case must be affirmed. In the first place, the trial judge could not have been more clear in his recitation of what had taken place and what he intended to do. There was no objection by appellant's attorney and no contention in court that the medical center had not complied with the court's prior order. An attorney who fails to object or make complaint of what has taken place at the trial court level in such a case, waives such error, if any, on appeal.

Second, the attorney for Dr. Conley judicially admitted that the order had been complied with. We said in *Mobil Oil Company v. Dodd,* 515 S.W.2d 351 (Tex.Civ.App. —Corpus Christi 1974, no writ):

"A judicial admission consists of a formal statement, either by a party of his attorney, in the course of a judicial proceeding which removes an admitted fact from the field of controversy. *United States Fidelity & Guaranty Co. v. Carr,* 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). In effect, it is a substitute for evidence which takes the matter out of the domain of proof. It cannot be contradicted by the introduction of evidence contrary thereto. *Griffin v. Superior Insurance Company,* 161 Tex. 195, 338 S.W.2d 415 (1960); McCormick & Ray, Texas Law of Evidence, Vol. 2, § 1127; 39 Tex.Law Rev. 516. 'A "judicial admission" is a waiver of proof'. *Mahoney v. Mahoney,* 103 S.W.2d 459 (Tex.Civ.App.—Amarillo 1937, writ ref'd). The doctrine should be applied with caution. *United States Fidelity & Guaranty Co. v. Carr, supra.*"

Dr. Conley's attorney agreed to each and every procedure of the dismissal as it took place at the October 5, 1977 hearing. The appellant cannot now complain.

 There is still a third reason for overruling appellant's point of error. It

should be pointed out that a trial court has broad discretion in determining whether or not to issue temporary injunctions to preserve the rights of parties pending the outcome of the case. When this discretion of the trial court is exercised, its order should not be overturned on appeal unless the record discloses a clear abuse of that discretion. The same holds true where the trial court dismisses the temporary injunction previously entered. The appellant has not made any attempt in this appeal to show that the trial court abused its discretion when it dismissed the temporary injunction upon a finding that the medical center had fully complied with the order of September 21, 1977.

The judgment of the trial court is AFFIRMED.