## HAUSMAN BROS. PACKING CO. v. ALLEN.

### No. 8985.

Court of Civil Appeals of Texas. San Antonio.

Jan. 25, 1933.

Rehearing Granted and Judgment Reversed and Rendered April 12, 1933.

attends meetings of the board of directors in Laredo. J. W. Allen, appellee, testified that Mrs. Hausman told him that her business in Brownsville was a branch of the Laredo Corporation. This she denied. The telephone used by Mrs. Hausman was in the name of the Hausman Brothers Packing Company, and the lease of the property on which she operated her business was in the name of that company. We conclude that the circumstances were of sufficient cogency to sustain the conclusion of the trial judge that Mrs. Hausman was operating an agency of Hausman Brothers Packing Company.

The propositions are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

SMITH, Justice.

A majority of the court have concluded upon rehearing that the record does not sustain venue in Cameron county, and that the order overruling appellant's plea of privilege should be reversed and the venue changed to Webb county.

The suit was filed on November 24, 1931, to recover upon a debt contracted on sundry dates between June and November, 1930. Citation was served on the same day upon Mrs. A. Hausman, alleged to be "manager" of appellant at Brownsville. The question of venue must therefore be tested by the facts existing upon said date, to wit, November 24, 1931.

The record shows that on March 10, 1931, appellant, Hausman Brothers Packing Company, a corporation, "of Laredo, Texas," leased an abattoir from the city of Brownsville and agreed to operate the same for the ensuing period of ten years. Appellant is engaged in the packing house business at Laredo, which has always been its corporate domicile, and sells its products throughout Southwest Texas through the agency of its traveling salesmen. It has no local agents or plants anywhere, except at Laredo, the place of the corporate domicile, unless, under the facts of this case, it operates a local plant at Brownsville, under the management of Mrs. A. Hausman. When it leased the abattoir at Brownsville, it subscribed for a local telephone, which was then and still is listed under the corporate name. These transactions occurred about eight months before this suit was filed.

The abattoir is being operated by Mrs. A. Hausman, the widow of a former stockholder and director of appellant corporation, who, upon his death, succeeded to her husband's interest and official relation to the corporation. As a director she attends some of the meetings of the directorate at Laredo. Appellee testified that after the suit was filed

Gibson & Blackshear, of Laredo, for appellant.

John C. Myrick, of Harlingen, for appellee.

FLY, Chief Justice.

Appellee sued appellant in Cameron county, and appellant pleaded its privilege to be sued in Webb county, its alleged domicile. The plea of privilege was overruled, and this appeal resulted.

Appellant alleged that it had no agency in Cameron county, but this was controverted by appellee, as follows:

"Now comes J. W. Allen, plaintiff in the above entitled and numbered cause, and controverts the plea of privilege of the said Hausman Brothers Packing Company, a private corporation duly incorporated defendant herein, and says that he has good reason to believe and does believe and so alleges that defendant's said plea is incorrect and that this court has venue of this cause and of the person of this defendant on the following reasons, to-wit:

"That the defendant herein has an agency and personal representative, in the person of Mrs. A. Hausman, stationed at Brownsville in Cameron County, Texas."

The controverting affidavit was sufficient, and if there was any doubt in the mind of appellee as to other allegations of the plea, he swears positively that appellant had an agent in Brownsville, giving the name of such agent. The affidavit is valid and sufficient.

Mrs. Hausman testified that she owned the business in Brownsville, operated under the name of Hausman Brothers Company, and her business was not a branch or agency of Hausman Brothers Packing Company. She is a director of the last-named company and

and two months before the plea of privilege was tried, Mrs. Hausman told him "this was a branch of the Laredo house and she was the manager of the branch." This testimony was admitted for and restricted to impeachment purposes, and it obviously could not be regarded as evidence on the question of agency, since agency may not be proven by mere declarations or admissions of the alleged agent. The foregoing constitute all the facts relied on by appellee to sustain venue.

On the other hand, Louis Hausman, president of appellant corporation, and Mrs. A. Hausman, testified without contradiction that shortly after the abattoir was leased by appellant and several months before this suit was filed Mrs. Hausman purchased the lease from appellant, who duly assigned the same to her, and appellant has not since been in any way interested therein or in the business operated thereunder, and has had no business, agency, or agent in Cameron county, or in any other county than Webb; that Mrs. Hausman has no relation to or connection with appellant except as a director, in which relation she has and exercises no other authority or duty except to attend meetings of the directorate at Laredo. Mrs. Hausman further testified that when she acquired the lease from the city she began operating the abattoir under the legally assumed name of Hausman Packing Company, duly registered and on file in the county clerk's office, as provided in the so-called "assumed name statute"; that her principal business under said lease (the rentals under which are paid by her out of her own funds) is that of slaughtering animals for food, but that as an incident thereto she carries a line of packing house products which she purchases from various packing companies, including appellant, whose bills therefor she pays as she pays all other bills; that said business is her own exclusively and appellant has and had no interest therein or control thereover; that if her telephone is listed under the name of appellant, "Hausman Brothers Packing Company," rather than under her assumed name, "Hausman Packing Company," it is because she had paid no attention to the slight difference and had not gone to the trouble of having the correction made when she took over the lease. All these facts are undisputed in the record.

There is no testimony that appellant ever actually entered into business at Brownsville, or did anything more than lease the abattoir, and put in a telephone, whereupon it sold and assigned to Mrs. Hausman the lease and whatever establishment it had set up there. There is no evidence that it has ever engaged in any business or had any office or agency in Brownsville. Certainly there is not even a suggestion in the record that it had any interest whatever in Brownsville

at the time the suit was instituted and the plea of privilege filed and heard, so that, even if it could be inferred that it actually opened up a business on the leased premises at the time of the lease, there is certainly nothing from which it could be inferred that it continued in such business and was still engaged therein at the time this action was commenced. There is no circumstance, as the majority of the court view the record, which will support an inference that appellant had an agency, or business, or agent, in Cameron county, at or near the time this action was begun. Appellee wholly failed to meet the burden resting upon him to show facts to sustain venue in Cameron county.

The privilege vouchsafed the citizen in the venue statute is a valuable one, which ought not to be denied him unless he is brought clearly within one of the named exceptions to the statute. The majority are of the opinion that appellant has not been brought within such exception, even by indulging in every inference possibly deducible from the record.

Accordingly, appellant's motion for rehearing will be granted; the judgment of affirmance by this court set aside; the order of the trial court overruling the plea of privilege will be reversed, and judgment will be here rendered sustaining said plea of privilege.

MURRAY, Justice.

I concur in the above opinion.

FLY, Chief Justice (dissenting).

I regret my inability to agree with the majority opinion on rehearing. The right to a trial in the county of residence or domicile is undoubtedly a sacred one, as is so often reiterated in the decisions of Texas, but there are rights just as sacred, which should not be disregarded in apotheosizing the right of trial at home. The right of trial by jury, or before a judge when preferred to a jury, and their contact with the witnesses, has been recognized as giving them the vantage point over appellate judges and courts, probably far away, in making them the "exclusive judges of the credibility of witnesses and the weight to be given their testimony." So the rule has followed, from the right conferred on juries and judges, that when there is any testimony to sustain the verdict or judgment, the appellate court has no authority to interfere. Therefore, appellate courts have no authority in matters of fact except to ascertain if there is any testimony to sustain the verdict or judgment.

This court may feel that the case on the facts should have been decided differently, but the authority to test the witnesses and weigh their testimony is lodged in the agencies of the trial court and not in this court.

It is true that Mrs. Hausman and members of the Hausman Brothers Packing Company were doing business in Laredo; and that she is and was a director of the corporation. She was also running a business started by that corporation in Brownsville. In 1931, the corporation concluded to move its principal office to Laredo, but just about the time it was leaving Brownsville it entered into a contract of lease for three years of certain real property occupied by it for its business purposes. Mrs. Hausman was left in possession of the property; no assignment of the lease being indicated by any written instrument of record in the county, nor was the lessor apprised of any change in the lessee. Mrs. Hausman occupied the premises under and by virtue of a lease made to the corporation by the city. No one, so far as the testimony discloses, ever heard that Mrs. Hausman was conducting an independent business, until it was desired to change the venue of this case from Cameron to Webb county, then an oral transfer of the lease was dragged out of its secret hiding place and paraded before the court. While in Brownsville a contract was made by the corporation for the use of a telephone, that telephone was in the name of the corporation, and so remained up to the date of the trial of this case. Mrs. Hausman did not know who rented the telephone, but she used it, and possibly paid for it. No satisfactory explanation is made of the lease and the telephone, and the connection of Mrs. Hausman with the principal. Mrs. Hausman swore that she was conducting an independent business, under a name so dangerously similar to the corporation name as to amount to an infringement of its right, and might subject her to the action of a court to prevent her invasion of the rights of the corporation. She was impeached by disinterested witnesses who swore that she told them that her business was a branch of the Laredo business.

The judge decided in favor of circumstances that were not and could not be explained, and against testimony weighted down with self-interest and conceived in secret, like a conspiracy, and capable of being answered only through circumstances. The court discarded the discredited, interested testimony of the witnesses desiring a change of venue.

The improbability of a business firm obtaining a lease on real estate for three years, then leaving it in the hands of a person not responsible for the rent, only on a verbal transfer of the lease, is so apparent that a court might have taken it alone on which to base its judgment. The judge had some testimony, and I feel that this court has no right or authority to reverse the judgment on the facts. I adhere to the original opinion written by me.

The appellate courts of Texas at all times emphasize with much zeal and sentiment the sacrosanct right of the debtor to be sued at his home where he can be heard by a jury of his peers, in his own vicinage; but the creditor must take his chances with peers or otherwise of any vicinage to which he may be forced by parties seeking to make the collection of debts as heavy a burden as possible.

The writer does not intend to advocate the impairment of the right of defendants to make their defenses in their own courts, before the friendly jurors therein, but he desires to uphold that other rule, just as sacred, that of the juror or judge to exclusively pass upon the credibility of witnesses and the weight to be given their testimony, and to sustain verdict or judgment where there is any testimony, direct or circumstantial, to sustain it. I think the circumstances sustain the judgment in this case.