## WILLIAMS v. REARICK.

### No. 5951.

Court of Civil Appeals of Texas. Amarillo.

Feb. 21, 1949.

Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo, for appellant.

·J. R. Porter, of Clarendon, for appellee.

PITTS, Chief Justice.

This is a venue case in which Edna Rearick filed suit on August 24, 1948 in Donley County, Texas, against Charles Rearick for a divorce, alleging the statutory grounds of excessive, cruel treatment. Charles R. Rearick answered with a general denial followed by a pleading denominated by him as a cross action in which he impleaded G. W. Williams of Carson County, Texas, as a defendant in cross action and sues him for damages in the sum of $25,000, alleging that Williams had alienated the affections of his wife, Edna Rearick. Williams filed his plea of privilege to be sued in Carson County where he resided. The same was controverted by Charles R. Rearick and the issue of venue was heard by the trial court without a jury. The plea of privilege was overruled and an appeal was perfected by Williams only. Edna Rearick is not a party to this appeal. G. W. Williams is the only appellant and Charles R. Rearick is appellee. The only issue between appellant and appellee in the main suit is that of damages by reason of the alienation of the affections by appellant of appellee's wife.

Appellee contends that the trial court of Donley County has venue of the suit under the provisions of Section 9, Article 1995, Vernon's Annotated Statutes, alleging that the words spoken, acts done, conduct and influences exerted by appellant performed in Donley County amounted to a trespass in the said county against appellee that resulted in his injury and damage by reason of such words, acts, conduct and influences of appellant having alienated the affections of appellee's wife. Appellee further contends that the trial court has venue by reason of the provisions of Section 29a of the said Article 1995, alleging that appellant is a necessary party to his wife's alleged cause of action against him for a divorce.

We shall first consider the latter contention made by appellee to the effect that appellant is a necessary party to the divorce suit. No property rights and no minor children are involved in the divorce

action. Appellee's wife, Edna Rearick, did not make appellant a party to the divorce suit and appellee apparently made him a party to the divorce suit for the sole purpose of seeking damages against him alone. Appellee does not seek damages against his wife, Edna Rearick, or against her and appellant jointly. Whether a divorce is granted or denied Edna Rearick, a proper judgment can be rendered without the presence of appellant, Williams, or any other third person. Appellee's contention that venue is sustained under the provision of Section 29a is not well taken and venue cannot be sustained under appellee's plea by virtue of said section. Our position in this matter is sustained by the cases of Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Scott v. Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W.2d 626; McCarroll v. Edwards, Tex.Civ.App., 22 S.W.2d 684.

He who seeks to maintain venue under Section 9 of the said Article upon the theory that a trespass has been committed against him in the county in which the suit is filed, must plead in his controverting plea the facts relied upon to constitute the trespass. He must likewise prove the alleged facts and prove that the trespass occurred in the county where the suit is pending. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466. In compliance with such a rule appellee has, in effect, pleaded in order to constitute a trespass that appellant conceived the purposeful intention to alienate the affections of appellee's wife from appellee and to transfer them to appellant, and that as a part of his plan or scheme appellant committed in Donley County, Texas, acts which were intended and reasonably designed to accomplish his purpose. In compliance with the rule appellee offered his own testimony and that of his 19 year old daughter in support of his allegations.

Appellee testified that he was a minister of the Church of the Assembly of God and a carpenter by trade; that he had been active in the ministry in Carson County before moving with his family to Donley County on June 19, 1947, where he was then minister of a church in Clarendon; that he and his wife had lived together during the time they resided in both Carson and Donley County until she filed suit for a divorce; that on Saturday, August 9, 1947, appellant came to his house in Clarendon, Donley County, with his consent and brought a refrigerator from Conway, another town nearby, which refrigerator appellee had bought for his wife but had no way to transport it home and appellant consented to bring it to appellee's home for him; that he did not know how to install the refrigerator and went to town for a mechanic to install it and left appellant and his wife alone at his home for a period of about thirty minutes and that he left again for a period of about thirty minutes leaving appellant, his wife and the mechanic at home while he was away. He further testified that after the refrigerator was installed, he invited appellant to go to town (Clarendon) with him where he had an engagement to preach on the street and insisted that appellant go with him but appellant declined to go. He was gone about an hour and returned home and found appellant was still at his home alone with appellee's wife. He further testified that he went to the State of Oklahoma about September 9, 1947, and was gone about six days. When he returned he noticed a coolness and indifference toward him by his wife; that she would cry and drum her fingers on the wall by the side of the bed at night, all of which disturbed him. Appellee's daughter, Helen Rearick, born to the marriage of him and Edna Rearick, testified that she was 19 years old and that on the occasion while her father was in Oklahoma several days in September, 1947, appellant had lunch at their house two days in succession; that she did not know when he came or when he left; that he was there both days when she got home from school for lunch and she left him there when she went back to school after lunch. She further testified that she believed appellant was gone when she got home from school each day but she was not positive. She was sure he was gone when she got home from school one day but she was not sure about the other day. She further testified that on both occasions grace was said at the table before lunch and an ordinary conversation was carried

228

on between the parties. She further testified that she soon afterwards told her father about appellant's said two visits in the home while he was in Oklahoma. She testified further that her father had worked for appellant at different times when their family lived in Carson County and that appellant had previously loaned money to her father in connection with a business transaction. Appellee further testified that at a still later date (the exact date not being given) and after he had requested appellant never to communicate with his wife or have anything to do with her, appellant came to the church where appellee was preaching at Clarendon one Sunday night and there shook hands with appellee's wife, which caused appellee embarrassment, humiliation, shame and mental suffering and interfered with his business in church work.

 Such is the testimony heard in support of appellee's contention that a trespass occurred in Donley County as alleged. A defendant is entitled to be sued in the county of his residence, in the absence of any statutory exception. Moore v. Tucker, Tex.Civ.App., 14 S.W.2d 70. Exceptions to the privilege of a citizen to be sued in the county of his domicile must be strictly construed and clearly established. Spinnler v. Armstrong, Tex.Civ.App., 63 S.W.2d 1071; Daniel v. Jones, Tex.Civ.App., 103 S.W.2d 437; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062. A citizen may not lightly be deprived of the right to be sued in the county of his domicile. Amberson v. Anderson, Tex.Civ.App., 43 S.W.2d 120; Hausman Bros. Packing Co. v. Allen, Tex.Civ.App., 59 S.W.2d 246. Accepting as true all of the evidence heard and giving it the most favorable consideration possible, it is our opinion that appellee has failed to meet the requirements of the law in his attempt to establish a trespass in Donley County. In order to establish a trespass as alleged, appellee relies solely upon the case of Crespi v. Wigley, Tex.Civ.App., 18 S.W.2d 716, 718. In that case the court held that a party endeavoring to sustain venue in a county has the burden of offering proof enough to sustain the findings that the case comes within the exception to the venue statute. In that case the court

also sets out the facts and its conclusions as follows, to wit:

"The record shows that appellee was married to Florence Wigley (nee Patton) in 1917, and to them were born two children. During all of their married life they lived in Waco. Appellant was a man some 10 or 15 years older than Florence Wigley, and he and his wife for some 20 years had lived in Waco. Appellant and his wife and appellee and his wife belonged to the same social group. Their homes were in the same neighborhood. During the three or four years prior to the time Mrs. Wigley obtained a divorce from her husband in November, 1927, appellant frequently played golf with Mrs. Wigley in McLennan county, and they were often together at various social gatherings in Waco and would dance together and play cards together, and he telephoned her almost daily. On several different occasions while appellant's wife was out of the city, Mrs. Wigley, on appellant's invitation, assisted him in entertaining parties at his (appellant's) home, and on said occasions she acted as hostess. During this period of time on several occasions when Mrs. Wigley left Waco on pleasure trips, appellant would join her or visit her, and while away they would carry on regular correspondence with each other. In June, 1927, appellee's wife, Mrs. Wigley, went on an extended trip to Europe. She was joined on this trip after she reached Europe by appellant, who spent several weeks with her, touring the old country. Appellant testified that he moved his residence from McLennan county to Dallas county in June, 1927. On June 15, 1927, appellant's wife filed suit in McLennan county for a divorce. On September 24, 1927, appellee's wife sued him in McLennan county for a divorce, and each of said divorce cases was heard and the divorces were granted on November 5, 1927. On February 6, 1928, appellee's wife, Mrs. Wigley, married appellant. Without further stating the testimony, we think it is sufficient to sustain the jury's finding as well as to sustain the judgment of the trial court overruling appellant's plea of privilege."

 We do not find any such facts in the instant case as were found in the Crespi

case. On the contrary, there is no evidence in this case that appellant ever said or did anything to lessen or reduce Edna Rearick's affections for appellee, or that he ever said or did anything that was calculated to cause her to breach her marriage contract with appellee. It is true that appellant visited in the home of appellee about a year before the divorce petition was filed, once with the consent of appellee and twice while appellee was out of the State, and that appellant shook hands with appellee's wife on one occasion at church, the date not being given, after appellee, for some reason not disclosed by the record, requested appellant not to communicate with her; but there is no testimony of any wrongful acts of any nature or that appellant was the cause of the institution of the divorce suit. So far as the record reveals appellant did not try to hide or cover up his visits to appellee's home or any conversations he may have had with appellee's wife. Since the record reveals that appellee once worked for appellant at different times in recent years and that appellant loaned appellee money on one occasion in connection with a business transaction, it could be just as reasonably assumed that appellant was trying to befriend appellee in preventing the filing of a divorce suit as it could be to assume that he was trying to cause a divorce action to be filed. The gist of the alienation of affections action is the intentional or purposeful alienation of the affections of one spouse from the other; the damage, if any, in such a case is for loss of consortium; to establish a cause of action it is not necessary that there be a loss of all elements included in that term, but that any substantial impairment thereof, through unjustified intentional conduct, creates a cause of action in favor of the spouse damaged against the offender in this respect. Kahn v. Grothaus, Tex.Civ.App., 104 S.W.2d 932. The insufficiency of the evidence to sustain venue in the instant case is that appellee does not establish any intentional, purposeful or otherwise wrongful act on the part of appellant, nor does he establish any impairment of his marital rights attributable to any act of appellant. He therefore fails to establish a trespass.

In testing the sufficiency of the evidence to support the finding, the evidence must be considered most favorable to appellee; but, if the evidence shows that a particular result may possibly have occurred by reason of several different causes, and it is not more reasonably probable that one of the causes was operative rather than the others, a finding of causal relationship between the result and a particular cause cannot be sustained. Davis v. Castile, Tex.Com.App., 257 S.W. 870. If the probative force of evidence be so weak that it raises only a surmise or suspicion of the existence of a fact sought to be established, that evidence in legal contemplation is no evidence and will not support a finding which comprehends the existence of a disputed fact. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Austin v. Neiman, Tex.Com.App., 14 S.W. 2d 794. A presumption of fact cannot rest upon a fact presumed, or in other words, one presumption cannot be based upon another presumption nor an inference of fact upon other inferences. Houston Fire & Casualty Ins. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442; 17 Tex.Jur. 247, Section 57, and other authorities there cited. Facts may be established circumstantially, but the circumstances themselves must be shown by direct evidence, and cannot be inferred from other circumstances; it is not admissible to go into the domain of conjecture and to pile one presumption upon another. Missouri Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324, 325. To establish a fact by circumstantial evidence the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference and should not be of such character as to permit of purely speculative conclusions. Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669, 673. Slight testimony in favor of a party will not support a finding if its probative force be so weak that it only raises a mere surmise or suspicion of the facts sought to be established. Garrett v. Hunt, Tex.Com.App., 283 S.W. 489, 491.

Applying the foregoing rules to the evidence heard in this case, venue was not established in Donley County and appellant's plea of privilege should have been sustained. Our position is further supported by the case of Thompson v. Wynne, Tex.Civ.App., 9 S.W.2d 745. The judgment of the trial court is therefore reversed and the cause

is remanded with instructions that the trial court sever appellee's alleged cause of action against the appellant from the divorce action filed in Donley County, Texas, by Edna Rearick against Charles R. Rearick and transfer appellee's said alleged cause of action against appellant to the District Court of Carson County, Texas. Reversed and remanded with instructions.