**Joe Wayne McFARLIN, Appellant,**

v.

**Delta Christiansen TAYLOR, Appellee.**

No. 7739.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 2, 1967.

Vickers, Vickers & Garner, Lubbock, for appellant.

Key, Carr & Clark, Donald M. Hunt, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a venue case. Plaintiff below, appellee here, Delta Christiansen Taylor, of Lubbock County sued Joe Wayne McFarlin of Hale County in the District Court of Lubbock County for damages due to the death of her husband resulting from an accident occurring on October 30, 1965, in the town of New Deal, Lubbock County, Texas. Plaintiff alleged that defendant, Joe Wayne McFarlin, while driving his car in a southerly direction on U. S. 87 negligently struck and killed the plaintiff's husband. Defendant filed in due form his plea of privilege to be sued in Hale County, his domiciliary residence. The plea was controverted by an allegation relying upon Exception 9a of Article 1995, Vernon's Ann.Tex.Civ.St. That exception provides as follows:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to

sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The court, after a hearing was had, overruled defendant's plea of privilege and held appellant's plea of privilege was overruled and the cause ordered to remain in the District Court of Lubbock County, Texas. From that ruling defendant perfected this appeal. The defendant will hereafter be referred to as appellant and plaintiff as appellee.

Appellant presents this appeal upon three points of error. The first point is that the court erred in overruling appellant's plea of privilege for the reason that there was no evidence to sustain venue in Lubbock County, Texas. The second point contends there was insufficient evidence to sustain such holding and the third point that such action was manifestly unjust and against the great weight and preponderance of the evidence. Since we sustain appellant's first point, we will not discuss the remaining two points.

■ The fact that appellant struck and killed the husband of appellee without some proof of negligence on the part of appellant is not sufficient to hold venue in Lubbock County. This record is void of any testimony of how the accident happened and neither is there any evidence to show appellant was negligent in any manner. There is no evidence that appellant was speeding or that he failed to keep a proper lookout or could have seen the deceased or any other acts of appellant to constitute negligence on his part. Negligence or a

failure to perform a duty required by law is never presumed as a fact but must be proved by evidence and the burden of proving it is on the party seeking a recovery of damages by reason of such negligence or failure of duty. Jones v. Nafco Oil And Gas, Inc., 380 S.W.2d 570 (Tex.1964); Carroll v. Roger Lacy, Inc., 402 S.W.2d 307 (Tex.Civ.App.–Tyler, 1966, writ ref'd n. r. e.); McCarty v. White, 314 S.W.2d 155 (Tex.Civ.App.–Eastland, 1958, no writ).

■ In order to maintain venue in a county other than the residence of defendant under Subsection 9a, a plaintiff must establish by a preponderance of the evidence that an act of negligence which was a proximate cause of the injury was committed in the county where suit is brought by the defendant or those for whose negligent conduct he would be legally liable. Southland Beauty Shops, Inc. v. Foreman, 319 S.W.2d 737 (Tex.Civ.App.–Houston, 1958, writ dism'd); Campos v. Smith, 386 S.W.2d 823 (Tex.Civ.App.–San Antonio, 1965, no writ).

■ There is no evidence that McFarlin ever saw the deceased or knew anything about his presence until after he struck something. Neither is there any other evidence showing appellant was guilty of any negligence other than the fact that deceased was hit and injured. The proof that an accident occurred is not of itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195 (1937); Austin Bridge Company v. Polanca, 300 S.W.2d 173 (Tex.Civ.App.–Eastland, 1957, no writ); Conner v. Chatman 272 S.W.2d 136 (Tex. Civ.App.–Galveston, 1954, no writ).

We are of the opinion, and so hold, that there is no evidence in this record showing any negligence on the part of appellant causing the injury and death of appellee's husband; but should we be wrong in so holding, we further hold the evidence was insufficient to establish by a preponderance of the evidence such facts as to sustain venue in Lubbock County.

Judgment of the trial court is reversed and rendered and here ordered that the case be transferred to the District Court of Hale County, Texas.

CHAPMAN, Justice (dissenting).

I regret that I am unable to agree with the above holding to the effect there is not any probative evidence to support the trial court's implied finding by a preponderance of the evidence that an act or omission of negligence occurred in the county where suit was filed; that such act or omission was that of the defendant; and that such negligence was a proximate cause of the injuries resulting in the death of appellee's husband.

Since the opinion reversed the case on the no-evidence point alone, it appears the court has completely disregarded the inferences that must be indulged in favor of the implied findings of the trial court.

In Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953), a venue case, the Supreme Court established the following principles of law:

"If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. This court, in the case of Wininger v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150, announced the correct rule when testing the probative force of the evidence when it said: 'The honorable Court of Civil Appeals had authority to reverse the judgment of the trial court on the preponderance of the evidence; but it could not render the judgment, if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff'—then it is to be concluded that there is evidence to support the verdict."

No findings of fact or conclusions of law were filed by or requested of the trial judge. Such being the situation, our Supreme Court in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951) has held:

"The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

Neither Renfro Drug Co. v. Lewis, supra, nor the cases it cited on the point under discussion are venue cases but our Supreme Court in discussing the law where "no evidence" points are raised has held: "The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case." Banks v. Collins, supra.

In Banks v. Collins, supra, that court also held:

" * * * in a case wherein the contention is made * * * that there is no evidence supporting the implied finding of fact in favor of the successful party by the trial court, the Court of Civil Appeals is required to follow the rule, which, in effect, says: If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding."

When the evidence is considered with the inferences we must indulge; i. e., discard all evidence opposed to the judgment rendered and consider only that evidence most

favorable to the issue [1] we have the written confession made by Joe Wayne McFarlin after due warning to him given by the district attorney that on the night in question he was the driver of the automobile which hit a man while he was driving through New Deal in Lubbock County. He stated he did not see the man that he hit but knew he hit something because of the bang on the car; that he first thought it was a dog but later realized it might have been a man; and that he did not stop his car at the accident scene. He also stated in such statement that when a deputy sheriff stopped him four miles north of Abernathy one week later he admitted that he was the driver who was wanted for the offense.

Jessee A. Freeman testified the collision between the man and the automobile happened at a time when it was not quite dark but dark enough to have lights on. He was sitting in his car 40 to 50 feet west of the paved portion of the highway and the point of impact occurred down the road 45 to 50 yards. He did not obtain the license number of the car but described it as a 1959 Ford with a color between a dark and light. When he went out to the injured man he was groaning, his trousers were torn and his leg was bleeding. It later developed that the car was a light colored 1959 Ford.

Patrolman Clecker went to the scene of the accident and found the injured man with a broken leg, his pants torn, and a bad cut between his knee and hip. He put a tourniquet on the bleeding, which was so bad that when he would release it the blood would spurt. Clecker examined the automobile under the front identified as Joe Wayne McFarlin's and found a substance which appeared to be blood. He took a sample, sent it to the laboratories of the Department of Public Safety and received a written report from the crime laboratory of that department that the substance was human blood. The patrolman also observed the hood of McFarlin's car had been freshly repainted.

Clecker also testified without objection that in his interrogation of McFarlin the latter admitted " * * * he had hit a man out there on the highway on October 30th * * *. He said he first thought he might have hit a dog but he said a little later he was pretty sure he had hit a man * * *." The testimony of the taking of the written confession is also in the record without objection and Joe Wayne McFarlin's signature identified.

On the venue hearing appellant denied in oral testimony that he hit any object while driving through New Deal on the night in question. A contention is made in appellant's brief that he was not of sufficient mentality to make a competent confession. If so, then he was not a competent witness to testify in the trial. He was called as an adverse witness and no objections made of his incompetency to testify. If any proper objection is made in that regard it came too late. See 1 McCormick & Ray, Texas Law of Evidence, p. 248, Section 251; p. 251, Section 254, 255; p. 255, Section 273; Ditto v. Ditto Investment Company, 158 Tex. 104, 309 S.W.2d 219 (1958); Ollok v. United Heat Treating Co., 318 S.W.2d 785 (Tex.Civ.App.–Fort Worth, 1958, no writ); Mills v. Cook, 57 S.W. 81 (Tex.Civ.App.–1900, no writ); Martin v. Martin, 130 S.W.2d 863 (Tex.Civ.App.– Dallas, 1939, writ dism'd, judg. corr.); Maler v. Hill, 285 S.W. 638 (Tex.Civ.App.– Galveston, 1926, no writ).

A report of a psychologist is in the record that McFarlin's I.Q. was between 55 and 60 and he was mentally deficient. It is of passing interest to note that his oral testimony shows coherence and he was able to testify he had bought eyeglasses not long after the date in question and that he

---

1. See Richey v. Chicago, Rock Island & Pacific Railroad Co., Tex.Civ.App., 420 S.W.2d 193, announced by our court on September 25, 1967, and the cases there cited on inferences that must be indulged in favor of a fact finding body.

bought them from an optometrist instead of a medical doctor. In any event, the weight and credibility to be given to the testimony of an interested witness or of an expert is for the trial court. Mercantile National Bank at Dallas v. McCullough Tool Co., 250 S.W.2d 870, 877 (Tex.Civ. App.–Austin, 1952, reversed on other grounds) and cases there cited.

The fact that human blood was found underneath appellant's car shortly after the incident in question is also some evidence to establish identity. This raises the question of the admissibility of the report from the laboratories of the Department of Public Safety. Though there is probative evidence without such report of some of the grounds of negligence alleged, it is the view of this writer that the report is admissible under the record of this case. The only objection made to it is that it was hearsay, which does not bring it within the rules we announced in Hartman v. Harder, 322 S.W.2d 555 (Tex.Civ.App.– Amarillo, 1959, no writ).

Honoring the rules of inferences favoring the implied findings of the trial court and considering the grounds of negligence alleged, such court could have impliedly found by a preponderance of the evidence that Joe Wayne McFarlin was negligent in operating his automobile at a rate of speed in excess of that at which a reasonably prudent person would have operated the same under the same or similar circumstances, he having admitted he was driving at the speed limit of 50 miles an hour while going through New Deal. The court from such testimony could also have impliedly found by a preponderance of the evidence that Joe Wayne McFarlin failed to maintain a proper lookout for pedestrians on the occasion in question; that he failed to make proper application of his brakes; that he failed to apply his brakes in sufficient time and at a sufficient distance to bring his automobile to a stop before striking decedent; that he failed to give an audible signal of the approach of his automobile; that he failed to turn his machine to the left to avoid striking plaintiff's husband, who was found just to the right of the pavement, and that one or more of such grounds of negligence constitute a proximate cause or proximate causes of the injuries resulting in the death of appellee's husband.

The majority opinion states that should the Court be wrong in its holding that there is not any evidence to support the trial court's judgment then " * * * we further hold the evidence was insufficient to establish by a preponderance of the evidence such facts as to sustain venue in Lubbock County."

A preponderance of the evidence is part of the necessary proof under Exception 9a, though it does not militate against the inferences favoring the implied findings of the trial court except that the proof must be by a preponderance of the evidence. When the required inferences are given, as I have stated before, one or more grounds of negligence, which is a proximate cause of the injuries resulting in appellee's husband's death is established. How could it be otherwise in view of appellant's own confession that he did not see the man but that he ran over him? When the required inferences are given such testimony is without contradiction in the record. Surely it could not be said such testimony constituted no evidence from which the trial court could have impliedly found a failure to keep a proper lookout.

If the majority opinion seeks by the next to last paragraph in the opinion to discuss the great weight and preponderance of the evidence, it is wholly inadequate under In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). Nowhere is opposing testimony discussed and compared to show that the court's judgment was so against the great weight and preponderance of the evidence as to be manifestly unjust.

Accordingly, this court is without legal authority to reverse the judgment of the trial court.