Hilario G. **TIJERINA** et al., Appellants,

v.

Vicente **NERIO** et al., Appellees.

No. 763.

Court of Civil Appeals of Texas, Corpus Christi.

June 7, 1973.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, H. T. Hermansen, Jr., Corpus Christi, for appellants.

Bonilla, Read, Rodriguez, Beckman & Bonilla, Gerald H. Beckman, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is a venue case. Vicente Nerio, Luciana Nerio, John Nerio, and Marciella Flores, plaintiffs, filed suit in the District Court of Nueces County, Texas, against Hilario G. Tijerina and King Transportation Company, defendants, to recover for alleged damages arising out of an automobile-truck collision. Each of the defendants filed a plea of privilege to be sued in Hidalgo County, where they resided and were domiciled. Plaintiffs sought to maintain venue in Nueces County under the provisions of Subdivision 9a, Article 1995, Vernon's Ann.Civ.St.

The trial court, after a non-jury hearing, overruled both pleas of privilege. The de-

fendants have appealed. We reverse and remand.

Findings of fact were neither requested nor filed. We must presume, therefore, that the trial court resolved in plaintiffs' favor every issue of fact raised by the evidence, and must view the evidence in the light most favorable to such findings, disregarding all that is contrary thereto. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

A tractor-trailer, hereinafter called "truck", owned by King Transportation Company, collided with an automobile owned by Vicente Nerio. Hilario G. Tijerina was driving the truck. John Nerio was driving the automobile. The collision occurred in Nueces County, Texas on January 5, 1972.

Plaintiffs alleged that Tijerina, the driver of the truck, was travelling at an excessive rate of speed, failed to maintain a proper lookout, failed to apply brakes, failed to control the vehicle, improperly and negligently changed lanes, failed to yield the right of way "to vehicle in an adjoining lane", and failed to yield the right of way "to vehicle in an adjoining cross-over"; that such acts of omission and commission constituted negligence, and that each was a proximate cause of the collision.

It being undisputed that Hilario G. Tijerina was an employee of King Transportation Company and that he was acting within the scope and course of his employment at the time of the occurrence in question, the remaining venue facts under Subdivision 9a that plaintiffs were required to prove in order to maintain venue in Nueces County were: (1) that Tijerina was guilty of an act or omission of negligence which occurred in Nueces County, and (2) that such act or omission was a proximate cause of the collision. Heldt v. McCreary, 399 S.W.2d 181, 186 (Tex.Civ. App.—Corpus Christi 1966, n. w. h.); Calhoun v. Padgett, 409 S.W.2d 890 (Tex. Civ.App.—Tyler 1966, n. w. h.); Shelburne

v. Christie-Hickman Drilling Company, 295 S.W.2d 476 (Tex.Civ.App.—Amarillo 1956, n. w. h.)

Venue facts must be proved by a preponderance of the evidence. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953); Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). Venue cannot be established by implication. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950).

It is settled that "the occurrence of an accident, or a collision, is not of itself evidence of negligence". Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199 (1937); McFarlin v. Taylor, 420 S.W. 2d 188 (Tex.Civ.App.—Amarillo 1967, n. w. h.)

The evidence tending to establish the venue facts is very weak. At best, it is scarcely more than a scintilla. What little evidence there is with respect to Tijerina's negligence is summarized in the next succeeding three paragraphs.

The collision occurred in the paved cross-over immediately to the east of the intersection of U. S. Highway 77 Business Route to Bishop, Texas, with the main U. S. Highway 77, a four-lane divided highway with a grass median strip that separates the two south-bound lanes from the two north-bound lanes. A stop sign requires traffic moving East on the Business Route to stop at its intersection with the south-bound lanes of U. S. 77 South.

The only witness who testified to facts relating to the accident was Vicente Nerio, a party plaintiff. He stated that his automobile was proceeding (East) along U. S. Highway 77 Business Route toward U. S. 77 North. Upon arriving at the intersection of the Business Route with the south-bound lanes of U. S. 77, John Nerio stopped the automobile in obedience to the stop sign that was facing him. While it was stopped, Vicente Nerio, who was riding in the front seat, noticed a truck which was travelling South in the right-hand lane

of the south-bound lanes of U. S. 77; it was about a quarter of a mile distant at that time. The automobile driver, John Nerio, subsequently entered the intersection and had crossed both lanes of U. S. 77 South when the right front of the truck struck the left side of the automobile over its left rear wheel. The automobile was damaged. He further testified that the truck changed lanes before it struck the automobile, that it laid down skid marks, and that it jackknifed.

The witness drew a diagram of the scene of the accident on a blackboard, but the diagram (or a picture thereof) is not part of the record. Photographs were introduced in evidence by defendants for the purpose of showing the "scene of the accident", the "intersection", the "place of the accident", and "skid marks that are left by the vehicles involved". They were examined by Nerio, but he did not mark the point of impact thereon, nor did he identify or designate any of the skid marks that are shown by the photos as being laid down by either the automobile or the truck. The photographs show that an officer of the law and another man, neither of whom were identified or testified, made measurements at the scene of the accident. There is nothing in the record concerning their measurements.

■ There is no direct evidence that Tijerina, the defendant truck driver, committed any act of negligence, active or passive, in Nueces County. It is, however, settled that proof of acts constituting negligence may be made by circumstantial evidence. Big Three Welding Equipment Company v. Reeh, 301 S.W.2d 504 (Tex. Civ.App.—San Antonio 1957, n. w. h.); Williams v. Rearick, 218 S.W.2d 225 (Tex.Civ.App.—Amarillo 1949, n. w. h.). Defendants admit that "this Court can affirm the judgment below only by indulging inferences reasonably made from the evidence".

■ An inference must be based on a fact proved or known to be true, and can-

not be based upon surmise, speculation, conjecture, guesswork or a mere possibility. Bob's Candy & Pecan Co. v. McConnell, 140 Tex. 331, 167 S.W.2d 511 (1943). Inferences of fact cannot be drawn from uncertain circumstances. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112 (1942). A presumption of fact cannot rest upon a fact presumed; the fact to support the presumption must be proved. Ft. Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130 (1914).

■ There is no presumption that a person is guilty of negligence simply because he was involved in an accident. Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410 (1954); Polasek v. Quinius, 438 S.W.2d 828, 838 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.).

"Negligence or a failure to perform a duty required by law is never presumed as a fact, but must be proved by evidence; and the burden of proving it is on the party seeking a recovery of damages by reason of such negligence or failure of duty". Jones v. Nafco Oil and Gas, Inc., 380 S. W.2d 570, 574 (Tex.Sup.1964).

■ After reviewing the record in its entirety, and after having indulged every reasonable inference in support of the judgment rendered by the trial court, we conclude that the evidence is factually insufficient to sustain the implied finding that an act or omission of negligence proximately causing plaintiffs' injuries occurred in Nueces County, Texas. Defendants' third point of error is sustained.

■ Furthermore, the evidence is insufficient to support an implied finding that the plaintiffs John Nerio, Luciana Nerio and Marciella Flores, or either of them, sustained an injury. We do not believe that the case has been fully developed. Were we to hold that there is no evidence upon which the trial court could have based an implied finding that Tijerina was guilty of an act or omission of

negligence that was a proximate cause of plaintiffs' injuries, and if we were to sustain defendants' point two wherein they contend that there was no such evidence, we feel that the needs of justice would be better served by remanding the cause rather than by ordering it transferred to a District Court in Hidalgo County, Texas. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948). See also 60 Tex.Jur.2d, Venue, § 248, pp. 169–174.

The judgment of the trial court is reversed and the cause is remanded for a new hearing on defendants' plea of privilege.

YOUNG, J., not participating.