Antonio Trevino MARTINEZ, Appellant,

v.

Joy Bego ANGERSTEIN, Appellee.

No. 922.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 31, 1974.

Rehearing Denied Jan. 23, 1975.

Steven Fieldcamp, Meredith & Donnell, Corpus Christi, for appellant.

K. D. Hall, Refugio, for appellee.

## OPINION

NYE, Chief Justice.

This is a plea of privilege case. Joy Bego Angerstein, plaintiff, filed suit in the district court of Refugio County, Texas, against William F. Ben Abney and Antonio Trevino Martinez, defendants, to recover for mental and physical pain, funeral expenses, and damages for wrongful death of her husband, W. C. Bego, arising out of an automobile-tractor collision.

The defendant, Martinez, filed his plea of privilege to be sued in the county of his residence, San Patricio County, Texas. In response thereto, the plaintiff filed her controverting affidavit asserting venue was maintainable in Refugio County, Texas, under Subsections 9 and 9a of Article 1995, Vernon's Ann.Tex.Rev.Civ.Stat., as to defendant, Antonio Trevino Martinez and under Subsection 29a, Article 1995, Vernon's Ann.Tex.Rev.Civ.Stat. as to defendant William F. Ben Abney, Martinez'

employer. Trial was to the court without the aid of a jury. The trial court overruled Martinez' plea of privilege.

Appellant Martinez' first point of error complains that the trial court erred in overruling his plea of privilege and sustaining venue against him in Refugio County, Texas, under venue subdivision 9a of Article 1995, because there was no evidence that the negligence alleged to have been committed by appellant proximately caused the death of plaintiff's deceased husband.

The law is that in order to maintain venue under Subdivision 9a of Article 1995, the plaintiff must allege and prove facts: (1) that an act or omission of negligence occurred in the county where suit was filed; (2) that such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment; (3) and that such negligence was a proximate cause of plaintiff's injuries. Tex.Rev.Civ. Stat.Ann., Art. 1995, § 9a (1964); Tijerina v. Nerio, 497 S.W.2d 72 (Tex.Civ.App. —Corpus Christi 1973, no writ).

It is undisputed that Antonio Trevino Martinez was an employee of William F. Ben Abney and that he was acting within the scope and course of his employment at the time of the occurrence in question (venue requirement number 2 above). The remaining venue facts under Subdivision 9a that plaintiff was required to prove in order to maintain venue in Refugio County were: (1) that Martinez was guilty of an act or omission of negligence that occurred in Refugio County, and (3) that such act or omission was a proximate cause of the injuries of the deceased. Tijerina v. Nerio, supra.

The plaintiff alleged that defendant Martinez was negligent and that his negligence was a proximate cause of the accident, injuries and death of the plaintiff's husband in:

(1) Failing to have a flagman at bridge so as to warn any on-coming traffic

that the bridge over Copano Creek would be entirely blocked at the time and place in question.

(2) Failing to have a signal or warning device on the tractor and cultivator at the time and place in question.

(3) Failing to yield the right of way.

(4) Failing to keep a proper lookout for on-coming traffic.

(5) Failing to stop before crossing bridge so as to thus permit on-coming traffic to pass before blocking highway.

The evidence in the record shows that on the morning of October 16, 1972, W. C. Bego, the deceased, was traveling west on Highway 774 in Refugio County. As he reached a point approximately 8 to 9 miles east of the town of Refugio, he met defendant Martinez who was traveling east on Highway 774, on the Copano Creek Bridge. The defendant at that time was operating a tractor with a draw bar attached thereto which was approximately sixteen (16) feet wide. The bridge was approximately fifty (50) feet long with two lanes approximately twenty (20) feet wide, each lane being ten (10) feet wide. At the time in question, the weather was very foggy and visibility was at a minimum. The tractor, with the draw bar attached, extended approximately six feet over into the lane the deceased was traveling, leaving insufficient room for him to pass. The record discloses that the tractor carried no warning signs nor exercised any other safety measures prior to said collision. Other than W. C. Bego (the deceased) and Martinez, there were no eyewitnesses to the collision. The defendant did not testify. The sheriff and deputy sheriff of Refugio County both testified that it would be impossible for the deceased vehicle to pass the defendant without running into the tractor's draw bar. When the officers arrived at the scene of the accident, the draw bar on the tractor

was extended over onto the deceased lane of traffic. It appeared the tractor had not been moved subsequent to the collision. The sheriff testified that the left front fender and light of the deceased auto were damaged. It is clear from the record that the first venue fact was sufficiently proved, that being that defendant Martinez was guilty of an act or omission of negligence that occurred in Refugio County.

The last venue fact (number 3) which must be proved is that such act (or omission to act) was a proximate cause of the deceased's injuries. The allegations in plaintiff's first amended original petition states that Bego was thrown against the dashboard, steering wheel, frame and sides of said car in such a manner that it caused him to sustain severe, painful and serious and massive injuries and bruises resulting in his death and the ultimate expenses connected with the funeral.

■ Martinez' first point of error being a no evidence point, we are required to review the evidence in its most favorable light in support of the judgment, considering only the evidence and inferences which support the ruling and rejecting the evidence and inferences to the contrary. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960); Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957).

The statement of facts reveals that the collision occurred October 16, 1972, and Bego's death occurred on August 5, 1973, a period of approximately nine (9) months lapsing between the time of the collision and Bego's death. The sheriff testified that subsequent to the wreck, Bego's health was bad. Bego continued his deputy sheriff's duties after the collision for a period of approximately nine (9) months until his death, August 5, 1973, but according to his wife, "he barely did it." Mr. Bego's widow, Joy Bego Angerstein, when asked what she observed after the wreck insofar as

Bego's health was concerned responded as follows:

"A. Well, he would—he patrolled a lot and he complained of when he was riding in the car.

Q. Complained of what?

A. When he rode in the car a lot."

*  *  *  *  *  *

"Q. How long did that continue, those ailments or complaints?

A. Continuously."

*  *  *  *  *  *

"Q. Do you know what parts of his body were—were injured, or was he suffering from?

A. Well, he was suffering from his leg.

Q. His leg?

A. And in through here.

(The witness indicated her side and hip.)

Q. Do you know what he died from?

A. No, Sir, I do not."

█ The appellant contends that plaintiff brought her lawsuit against defendant Martinez and defendant Abney under the provisions of the Texas Wrongful Death Act, (Articles 4671 et seq., Tex.Rev.Civ. Stat.Ann., 1952) and that she was required to prove that the alleged negligence of the defendant Martinez proximately caused the death of the deceased Bego. The appellant argues that even if the plaintiff proved some injuries, there was no evidence that the alleged negligence proximately caused the death or fatal injuries of the deceased. Under Subdivision 9a, Article 1995, the plaintiff satisfies the venue statute by showing that the defendant had violated a legal right of the plaintiff. It is not necessary that the plaintiff prove the extent of the injuries or the pecuniary damages sustained as a result of the injuries. The extent of the injuries or the amount of the damages sustained by the plaintiff consti-

tutes no part of the venue fact requirement. Spoon v. Penix, 422 S.W.2d 167 (Tex.Sup.1967); Hawkins v. Schroeter, 212 S.W.2d 843 (Tex.Civ.App.—San Antonio 1948, no writ). All a plaintiff needs to show in order to maintain venue is that a legal right of his has been violated as a result of a wrongful act committed by the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment. See Bryant v. Kimmons, 430 S.W.2d 73 (Tex.Civ.App. —Austin 1968, no writ); Big Bend Flying Service, Inc. v. Hinojos, 489 S.W.2d 694 (Tex.Civ.App.—El Paso 1973, no writ).

█ After reviewing the record in its entirety and after having indulged every reasonable inference in support of the judgment rendered by the trial court, we conclude that there is evidence that Martinez, acting within the scope of his employment for Abney, was negligent and that his acts proximately caused some injuries to the deceased. Martinez' first point of error is overruled.

██ In Martinez' second point of error, he complains that the trial court erred in overruling his plea of privilege and sustaining venue against him in Refugio County under Subdivision 9a, because there is no evidence that Joy Bego Angerstein was a member of the statutory class to whom an action for personal injuries sustained by a deceased person survives under the terms and provisions of Article 5525, Tex.Rev. Civ.Stat.Ann. (1958). Reviewing plaintiff's first amended petition, it appears to us that there is alleged two separate and distinct causes of action. Landers v. B. F. Goodrich Company, 369 S.W.2d 33 (Tex. Sup.1963). The first is the common law action for damages sustained by the decedent and his estate prior to his death. This cause of action survives to the heirs or legal representatives of the decedent under the express provisions of our survival statute, Article 5525, Tex.Rev.Civ.Stat. Ann. (1958). Under this cause of action, the heirs or legal representatives of dece-

dent's estate are ordinarily entitled to bring suit for recovery of physical pain and suffering, property damage, and other damages sustained by the decedent prior to his death. Landers v. B. F. Goodrich Company, supra. The reasonable cost of a suitable funeral constitutes a charge against the estate and may also be recovered in an action by the heirs or legal representatives under Article 5525 provided the defendant is not subjected to a double recovery. Mrs. Angerstein alleges she is the sole owner of such claims. She claims she is entitled to recover ten thousand dollars ($10,000.00) for decedent's mental and physical pain and one thousand five hundred dollars ($1,500.00) for the funeral expenses and burial of her husband.

■ The other cause of action alleged is a wrongful death action. It is conferred upon the surviving wife, (husband), child and parents of the decedent by what is characterized as the wrongful death statute Article 4671, Tex.Rev.Civ.Stat.Ann. (1952). This cause of action is for damages sustained by the named beneficiaries of the decedent. Article 4675 states that such actions for damages arising from death shall be for the "sole and exclusive benefit" of and may be brought by the surviving husband, *wife*, children and parents of the person whose death has been caused, or by either of them, for the benefit of all. The decedent's widow, Joy Bego Angerstein, alleges that she has been damaged by the loss of the support and maintenance contribution from decedent's earnings, to the extent of $75,000.00. Mrs. Angerstein alleged and proved her capacity as surviving widow under Articles 4671 and 4675, as being one of the named beneficiaries under the statute. Having already alleged and proved that venue is proper in Refugio County as to Martinez (and Abney, his employer) under Subdivision 9a, she is entitled to prosecute her cause of action for the wrongful death of her husband under Article 4671 et seq., Tex.Rev.Civ.Stat.Ann. (1952), in Refugio County, Texas.

However, although alleging that no administration was pending and that none was necessary and that she was the sole owner of the claim for damages which survived to decedent's heirs, legal representatives and estate, there appears to be a complete absence of proof as to the identity of the successor(s) to W. C. Bego's estate. Since the statutory beneficiaries named in Article 5525, Tex.Rev.Civ.Stat.Ann. (1958), are not always the same and/or are not always entitled to assert both causes of actions, Mrs. Angerstein may not be the sole owner of such cause of action. No evidence was offered showing Mrs. Angerstein to be the sole heir or legal representative of her deceased husband's estate.

■ Because the estate, heirs, or legal representatives of W. C. Bego who would succeed to his cause of action under Article 5525, have a direct interest in the object and subject matter of this cause of action and (their) interest will necessarily be affected by any judgment rendered, it follows they are indispensable parties to the suit alleged under the cause of action based on Article 5525. See 1· McDonald, Texas Civil Practice § 3.23 (1965); Royal Petroleum Corporation v. Dennis, 332 S.W. 2d 313 (Tex.Sup.1960) and see Landers v. B. F. Goodrich Company, supra. Since the trial court had no jurisdiction over the indispensable parties (the decedent's heirs, legal representatives and estate) which were not named or proved, the trial court lacked authority to proceed to judgment as to the survived cause of action. See Phillips v. Teinert, 493 S.W.2d 584 (Tex. Civ.App.—Houston [14th Dist.] 1973, no writ). See also Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex. Sup.1966); Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435 (Comm'n App.1936, opinion adopted).

We hold that there exists two separate and distinct causes of action and because of the proof (or lack of proof), they must be severed. The plaintiff, Joy Bego Angerstein, qualified as one of the named

beneficiaries under her cause of action for wrongful death founded under Article 4671 et seq., Tex.Rev.Civ.Stat.Ann. She established venue under Subdivision 9a, Article 1995, as we have held heretofore herein. Therefore, that cause of action is severed and that portion of the judgment of the trial court is affirmed. Since the plaintiff, Joy Bego Angerstein, failed to prove her status as the heir or legal representative of her husband's estate under the survival statute (Art. 5525), that cause of action, now severed, must be reversed.

Because the latter cause of action has not been fully developed and in order to avoid a multiplicity of suits and in order to prevent confusion, we believe that in the interest of justice, the latter cause of action should be remanded to the trial court for further proceedings. Rule 434, Texas Rules of Civil Procedure. The costs on appeal will be divided equally between the parties.

The judgment of the trial court is affirmed in part and reversed and remanded in part.